23032. STONE MOUNTAIN INDUSTRIES, INC. et al.
v. WILHITE et al.

Submitted July 13, 1965—Decided September 9, 1965.

*Young & Thomason, Hardaway Young, III,* for plaintiff in error.

*W. Harvey Armistead,* contra.

Duckworth, Chief Justice. The object of zoning is to re-

strict the owner's use of his own property. The zoning ordinance and map can legally restrict repeated applications for zoning. Ga. L. 1956, p. 3332, Sec. 10, p. 3340; *Newman v. Smith*, 217 Ga. 465 (123 SE2d 305). The ordinance here involved first provided that when an application to rezone was denied, another application could not be made until the expiration of 12 months. That was the provision of the ordinance when an application was denied, but in less than 12 months therefrom the ordinance was amended to fix the waiting time at 18 months instead of 12 months. After 12 months from the denial expired but in less than 18 months, a successor in title applied again for rezoning. This application was approved, but the judge of the superior court held that it should have been denied since it was within less than 18 months required by the amended ordinance, and we are asked to review and reverse that judgment.

There is no factual basis for considering the constitutional inhibition against retroactive laws since this ordinance does not purport to be ex post facto. It plainly says, as amended, that from its effective date no application can be made until 18 months have expired since a former application was denied. There is no reason why its terms should not apply to this case whether the denial was before or after its adoption. The original provision for a renewed application after 12 months gave no property owner a vested and irrevocable right to apply after 12 months, but it merely gave the right so long and only so long as it remained in the ordinance with the ever present power of the county governing authority to repeal or amend it, unhampered by any property owner. *Murphey v. Murphey*, 215 Ga. 19 (108 SE2d 872); *Balkcom v. Cross*, 216 Ga. 530 (118 SE2d 185); *Newman v. Smith*, 217 Ga. 465, supra.

*Judgment affirmed. All the Justices concur.*