### 38420. JACKSON et al. v. THREE ACES COMPANY, INC.

MARSHALL, Justice.

The question for decision in this case is whether the City of Atlanta was authorized in denying the appellee's application for an alcoholic beverage license, under the following sequence of events: The city issued the appellee building permits authorizing the renovation of a building which would house a restaurant/lounge in which nude or partially nude dancing would be performed; the appellee expended approximately $40,000 in renovating the building; however, the city subsequently enacted an adult-business zoning ordinance; because of the performance of nude or partially nude dancing in the appellee's restaurant/lounge, it constitutes an "adult cabaret" under this ordinance; and, because it is within 500 feet of a "residential district," it does not meet the distance requirements of the ordinance; accordingly, the city denied the appellee an alcoholic beverage license.

The trial court mandamused the city to issue the license, under the reasoning of *Barker v. County of Forsyth,* 248 Ga. 73 (2) (281 SE2d 549) (1981) and cits. The decision in *Barker* actually represents an extension of the rule applied in earlier cases that the issuance of a building permit vests the landowner's right to use his property in the manner authorized by the zoning ordinances in effect at the time the permit was issued. *Held*: We reverse.

The United States Supreme Court has made clear that under the Twenty-first Amendment, states and municipalities located therein

are vested with broad, sweeping authority to refuse to license the sale of liquor in establishments in which even non-obscene naked dancing is performed. See California v. LaRue, 409 U. S. 109 (93 SC 390, 34 LE2d 342) (1972). Regardless of what is the rule in the area of zoning, the rule in the area of liquor licensing is that the standards to be applied are those existing at the time of the hearing on the license application rather than at the time the application is filed. Sandbach v. City of Valdosta, 526 F2d 1259 (5th Cir. 1976); Chesser v. Johnson, 387 F2d 341 (5th Cir. 1967).

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

DECIDED MAY 18, 1982.

*Marva Jones Brooks, W. Roy Mays III,* for appellants.
*Frank C. Jones, Ralph A. Pitts,* amicus curiae.
*Glenn Zell,* for appellee.