47045. SOUTHERN STATES LANDFILL, INC. et al.
v. WALTON COUNTY et al.
47046. CHICK et al. v. SOUTHERN STATES LANDFILL, INC. et al.
(386 SE2d 358)

BELL, Justice.

This appeal and cross-appeal arise from attempts by the appellants to obtain a permit to operate a sanitary landfill on certain land in Walton County. The appellants' land is zoned A-1. In 1985, when the permit was first sought, sanitary landfills were a permitted use for A-1 land, but on February 3, 1987, the Walton County Board of Commissioners voted to amend its zoning ordinances by repealing the provision that allowed sanitary landfills on A-1 land. The appellants then filed a complaint against Walton County in which appellants prayed for a declaration that they have the right to operate a sanitary landfill on their land, and in which they further prayed for an injunction to prohibit the county from enforcing the repeal. Other landowners in Walton County subsequently moved to intervene in opposition to the appellants, and the motion was granted.

The appellants then filed a motion for summary judgment, and the county and intervenors filed cross-motions for summary judgment. The trial court subsequently partly granted summary judgment in favor of the county and intervenors, and partly granted summary

judgment in favor of the appellants.

The judgment consists of the court's consideration of two issues. The first issue was whether the present owner of the land had applied for a sanitary-landfill permit and had thereby acquired a vested right to operate the landfill. The court ruled in favor of the county and the intervenors on this issue. At the time that the first attempt to secure a permit was made, the land was owned by one of the appellants, Robert Hawk. In October 1986 Hawk sold the land to another appellant, R. M. Cash & Sons, Inc. (Cash). The court found that Hawk had applied for a permit before he sold the land, but concluded that Cash had not acquired Hawk's application as part of the land transfer, and accordingly had not acquired a vested right to operate the landfill under Hawk's application. The court further concluded that Cash itself had never applied for a permit, because Cash had based its attempts to acquire a permit on Hawk's application.

The second issue was whether the county violated the notice requirements of the Zoning Procedures Law. OCGA § 36-66-4. The court ruled in favor of the appellants regarding this question. The court found that the Walton Board of Commissioners had not complied with the notice requirements, and concluded that at the time the complaint was filed the zoning ordinances therefore permitted sanitary landfills on A-1 land. In line with this ruling, the court ordered the Walton Board of Commissioners to delete from its minutes the part of the minutes in which it attempted to amend that land-use ordinance.

The trial court concluded its order by ruling that Cash could still file an application unless the ordinance was legally amended.

The appellants filed an appeal (No. 47045), enumerating as error the court's ruling on whether an application existed when the board of commissioners amended the zoning ordinances, and also enumerating as error the court's failure to make rulings in their favor on certain other issues. The intervenors cross-appealed (No. 47046), claiming that the court's ruling concerning the Zoning Procedures Act was erroneous, and further claiming that the court erred in certain other respects. The county did not participate in the appeal and cross-appeal.

*Appeal No. 47045*

1. "Summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. OCGA § 9-11-56 (c)." *Gunn v. Booker*, 259 Ga. 343, 346-347 (3) (381 SE2d 286) (1989). "[T]he evidence must be construed most strongly against the movant, and the party opposing the motion is entitled to all inferences that may fairly and reasonably

be drawn in support of his case. [Cit.]" *Vizzini v. Blonder*, 165 Ga. App. 840 (303 SE2d 38) (1983).

The appellants contend there is evidence in the record that, construed most favorably to appellants, shows that Cash applied for a permit after it bought the land from Hawk.[1] After reviewing the record we agree, and therefore find that the trial court erred by granting summary judgment against appellants on the question whether Cash applied for a permit before February 3, 1987, and that the judgment of the court must be reversed in this regard.

The appellants also argue that we should further hold that they are entitled to summary judgment in their favor on this issue, and that we should then hold that they had a vested right to issuance of the permit, see *WMM Properties v. Cobb County*, 255 Ga. 436 (1) (339 SE2d 252) (1986). However, we find that, construing the evidence most favorably to the appellees, we cannot conclude that no genuine issue of material fact remains concerning whether Cash applied for a permit after it bought the land from Hawk.

2. The appellants contend that the trial court erred by granting appellees' motion to intervene, but we find that the court did not abuse its discretion.

3. The appellants claim that the court should have entered findings and conclusions on certain other issues. These enumerations present nothing for our review, but we note that these issues may be raised on remand of this case to the trial court. See *Executive Town &c. Services v. Young*, 258 Ga. 860, 865 (2) (376 SE2d 190) (1989). See also OCGA § 9-11-52.

*Appeal No. 47046*

4. The intervenors' cross-appeal does not attack the merits of the trial court's ruling that the board of commissioners violated the Zoning Procedures Act, but instead raises other issues that were not properly before the trial court. The cross-appeal presents nothing for our review, and we affirm the judgment of the trial court insofar as the court ruled that the board of commissioners violated the Zoning Procedures Act and that the amendment to the zoning ordinances was therefore invalid. See *Executive Town &c. v. Young*, supra, 258 Ga.

*Judgment reversed in Appeal No. 47045. Judgment affirmed in Appeal No. 47046. All the Justices concur.*

---

[1] They do not enumerate as error the court's conclusion that Cash did not acquire any rights under Hawk's application.

676

Decided December 5, 1989.

*Vincent, Chorey, Taylor & Feil, John L. Taylor, Jr., Celeste Mc-Collough,* for Southern States et al.
*Dillard, Greer, Westmoreland & Wilson, George P. Dillard,* for Chick et al.
*George J. Hearn III,* for Walton County.