S91A0401. MICHIELS et al. v. FULTON COUNTY et al.

(405 SE2d 40)

FLETCHER, Justice.

Appellants own a lot in the Ridge Pointe subdivision in north Fulton County. Their lot is situated at the intersection of Riverside Drive and Pointe Ridge Drive. On April 27, 1988, appellants applied for and were issued a driveway curb cut permit from the Fulton County Department of Public Works for a driveway onto Riverside Drive. The permit was rescinded on May 19, 1989 by way of a letter from the deputy director of that department which stated that the rescission was due to the fact that access to Riverside Drive from appellants' lot is prohibited by Fulton County zoning conditions and that there is inadequate sight distance from the driveway, thereby creating a public safety hazard.

Appellants filed a petition for writ of mandamus or, in the alternative, for injunction, requesting the trial court to reinstate the permit that had been rescinded or issue another one and to enjoin appellees from interfering with the construction and use of appellants' driveway. Following a bench trial, the court entered an order denying the petition in its entirety and dismissing the action on its merits. Appellants appeal from that order.

1. Appellants contend that the trial court erred in ruling that access to their property from Riverside Drive is restricted by the applicable zoning ordinance. In 1978, the subdivision in which appellants' lot is located was rezoned from R-1, Residential to R-2A, Residential Conditional. The trial court found that one of the conditions of that rezoning was that there would be no access to the subdivision lots from Riverside Drive.

Appellants, however, contend that if any such condition even exists, it does not prohibit access to the lots from Riverside but only prohibits the subdivision lots and the residences built thereon from facing Riverside. Appellants argue that they are in compliance with such condition because neither their residence nor their lot faces Riverside Drive.

In *Ervin Co. v. Brown*, 228 Ga. 14, 15 (183 SE2d 743) (1971), we held that where a county commission approved an application for rezoning "pursuant with stipulations presented by" counsel for the applicant, the intent of the commission was to conditionally rezone the property with the stipulations constituting the conditions of the rezoning. Here we do not have the question of whether the rezoning of the Ridge Pointe subdivision property was conditional; clearly, it was conditional. Instead, we are faced with the question of what conditions the Fulton County Board of Commissioners attached to the rezoning ordinance and specifically, whether restriction of access from the subdivision lots to Riverside Drive was one of those conditions.

At the December 6, 1978 board of commissioners' meeting, the petition for rezoning was approved "subject to the conditions previously set out" in those same minutes. At one point in those minutes, counsel for petitioner noted that the "lots had been professionally engineered with no lots facing on Riverside Drive." This statement alone might lead to the conclusion that the condition at issue did actually concern the direction in which the lots faced, however, the minutes contain other evidence of the board's intent as to the condition at issue.

In the area of Riverside Drive where the subdivision is located, Riverside is a narrow, winding two-lane road with limited visibility. It is not surprising to find, at two different places in the minutes, reference to the rezoning petitioner's agreement to provide for adequate sight distance at the point where the entrance to the subdivision, which is Pointe Ridge Drive, intersects with Riverside Drive. What is surprising, considering the construction of the condition at issue urged by appellants, is the absence of any similar agreement concerning provision of adequate sight distance at entrances to the subdivision lots off of Riverside Drive. The speed limit there is 35 m.p.h. and there was testimony at the trial that the minimum safe sight distance from appellants' current driveway is 410 feet to the north and 420 feet to the south. The actual sight distances, however, are 167 feet to the north and 320 feet to the south.

An examination of the preliminary plat submitted by the petitioner for rezoning indicates that all of the subdivision lots have Pointe Ridge Drive addresses and all of the lots front on that street. There is a notation in the top right corner of the plat which provides that there is to be "[n]o access to lots allowed along Riverside Drive." The preliminary plat also indicates that there is a sanitary sewer and drainage easement running along the portion of appellants' lot which abuts Riverside Drive.

Appellants argue, however, that the final plat is the plat which is actually recorded and it, rather than the preliminary plat, controls the conditions of the rezoning. The final plat contains a notation that

access to Riverside Drive from the subdivision lots south of Pointe Ridge Drive is restricted but it is silent as to access from Riverside to the lots north of Pointe Ridge Drive, one of which is appellants' lot.

The trial court found that, because the applicable subdivision regulations provide that the final plat shall conform to the preliminary plat, the final plat does not amend the preliminary plat. The trial court also found that the subdivision regulations provide that the preliminary plat serves a purpose different from that served by the final plat. The preliminary plat controls throughout construction of the subdivision and represents the intent of the developer and conformance of the subdivision plan with zoning and other regulations. The final plat, on the other hand, contains the actual dimensions of the property and shows the portion of the property that has been dedicated to the county for easements and the like.

From all of the above, it is clear that the rezoning petitioner intended that the only access from the subdivision to Riverside Drive was to be Pointe Ridge Drive. It is also clear that in approving the petition for rezoning, the commissioners, as a condition of the rezoning, intended that there was to be no access from the subdivision lots directly onto Riverside Drive. The trial court did not err in this regard.

2. Appellants also contend that the trial court erred by ruling that appellants were barred from asserting equitable estoppel against appellees. We disagree. The curb cut permit was issued by a counter clerk in the public works department. Because the zoning ordinance at issue here prohibits direct access to Riverside Drive from the subdivision lots, issuance of the curb cut permit for a driveway onto Riverside Drive was clearly an unauthorized act. The act of issuing the permit was a ministerial function and the clerk who performed that ministerial function had neither the authority to waive any of the conditions of the zoning ordinance nor the authority to issue a curb cut permit which violated any of those conditions. Accord *Corey Outdoor Advertising v. Bd. of Zoning*, 254 Ga. 221, 224 (327 SE2d 178) (1985).

"[E]quitable estoppel will not apply so as to frustrate or contravene a governmental function of a governmental unit." *Corey*, 254 Ga. at 224. In regulating zoning, a county exercises a governmental function, that of its police power. The issuance of the curb cut permit and construction of a driveway from appellants' lot onto Riverside Drive not only violate a county zoning ordinance, they also interfere with the county's governmental zoning function. Accordingly, the trial court correctly held that appellants were estopped from asserting equitable estoppel against appellees.

3. As we have demonstrated above, appellants had no legal right to the relief which they requested. As a result, the trial court correctly

denied their petition for mandamus.

*Judgment affirmed. All the Justices concur, except Smith, P. J., who dissents.*

DECIDED JUNE 21, 1991 —
RECONSIDERATION DENIED JULY 3, 1991.

*Bernard M. Gerber, McGee & Oxford, Clifford Oxford, Ray S. Smith III,* for appellants.
*Webb & Daniel, Paul Webb, Jr., Marcia Ernst,* for appellees.