**TOP SHELF, INC., d/b/a Classy Kats, Plaintiff,**

v.

**The MAYOR AND ALDERMEN FOR the CITY OF SAVANNAH and the City of Savannah, a municipal corporation, Defendants.**

**CV 493–202.**

United States District Court, S.D. Georgia, Savannah Division.

Sept. 27, 1993.

Roy L. Allen, Jr., and Diane Marie Morrell, Savannah, GA, for plaintiff.

James B. Blackburn and Abda L. Qullian, Savannah, GA, for defendants.

1. References to exhibits have been omitted ex-

## ORDER AND MEMORANDUM

NANGLE, Senior District Judge.

Currently before the Court is plaintiff's Motion for a Preliminary Injunction. After a hearing and consideration of all applicable facts and law, the Court renders the following order.

### STIPULATIONS

Prior to the hearing in this matter, the parties stipulated to the following facts: [1]

1. Top Shelf is a Georgia corporation, doing business as Classy Kats, within Savannah, Chatham County, Georgia. Classy Kats is an establishment licensed by the City of Savannah to serve alcoholic beverages.

2. The defendants, the Mayor and Aldermen for the City of Savannah, are a Georgia municipal corporation within Savannah, Chatham County, Georgia.

3. On July 8, 1993, at the regular meeting of the Mayor and Aldermen, an ordinance proposing an amendment to the Code of the City of Savannah was given a first reading. This amendment created a subparagraph (h) to 6–1222 of the Code of the City of Savannah.

4. On July 22, 1993, at the next regular meeting of the Mayor and Aldermen, the proposed amendment was given a second reading and a vote was taken adopting and approving the proposed amendment.

5. The ordinance adopted and codified as 6–1222(h) of the Code of the City of Savannah reads in pertinent part as follows:

No license holder or agent of any license holder shall allow any person, regardless of such person's business or personal relationship (or lack thereof) to the license holder, to initiate or continue, in or around the establishment:

(i) the employment or use of any person in any capacity in the sale or service of alcoholic beverages while such person is unclothed or in such attire, costume or clothing, as to expose to view any portion of the female breast below the top of the areola or of any portion of the male or female

cept for the text of the disputed ordinance.

pubic hair, anus, cleft of the buttocks, vulva or genitals;

(ii) live entertainment where any person appears in the manner described in preceding sub-paragraph of this subsection or where any person engages in or simulates any of the following acts:

(a) Sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation or any sexual act which is prohibited by law;

(b) The caressing or fondling of the breasts, buttocks, anus or genitals;

(c) The displaying of the male or female pubic hair, anus, vulva or genitals;

(iii) the holding, promotion, sponsoring or allowance of any contest, promotion, special night, event or any other activity where patrons of the license-holding establishment are encouraged or allowed to engage in any of the conduct, or to be attired as described in the preceding sub-paragraph of this subsection.

This subsection shall not apply nor prohibit the live performance of legitimate plays, operas, or ballets at mainstream theaters, concert halls, museums or educational institutions holding a license, which derive less than twenty percent (20%) of its [sic] gross receipts from the sale of alcoholic beverages.

6. On July 28, 1993, Steve Richardson, the manager and holder of the alcoholic beverage license for Classy Kats, was cited by Savannah Police Officers for violating 6-1222(h) of the Code of the City of Savannah. On July 30, 1993, a hearing on the citation was held in the Recorder's Court of Savannah and Chatham County. Mr. Richardson was found guilty of said violation and fined Five Hundred Dollars.

7. On August 10, 1993, an appeal from the Recorder's Court determination was filed in the Superior Court of Chatham County.

8. On August 23, 1993, Top Shelf filed the instant action in this Court.

9. Since July 28, 1993, Classy Kats has not offered nude entertainment and has attempted to comply with 6-1222(h) of the Code of the City of Savannah. Classy Kats' business has and continues to suffer from a substantial decrease in the number of customers and therefore a substantial decrease in profit.

## DISCUSSION

Top Shelf argues that a preliminary injunction in this matter is appropriate to enjoin enforcement of an unconstitutional ordinance. Specifically, Top Shelf claims that 6-1222(h) violates the Equal Protection Clause by having separate standards for mainstream and non-mainstream licensees, violates the First Amendment and the Due Process Clause by failing to adequately define mainstream establishments, and violates the Due Process Clause by setting forth arbitrary and capricious standards. The Court will not address whether a preliminary injunction is appropriate in the present matter since the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), requires dismissal of Top Shelf's claim.

■■■ The basic premise of *Younger* abstention is that a federal district court should not interfere with pending state criminal proceedings absent exceptional circumstances. *Younger*, 401 U.S. at 53–54, 91 S.Ct. at 754. *See also Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975) (recognizing state courts' competence to adjudicate constitutional claims). Even if a pending state criminal proceeding implicates *Younger*, exceptional circumstances permitting intervention include a prosecution undertaken in bad faith or to harass, a prosecution under a flagrantly unconstitutional statute, or some other extraordinary circumstance threatening great, immediate, and irreparable injury. *Younger*, 401 U.S. at 49–50, 53–54, 91 S.Ct. at 753–754, 754–755. *See also Moore v. Sims*, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). The "cost, anxiety, and inconvenience of having to defend against a single criminal prosecution" is not the type of injury justifying federal interference. *Younger*, 401 U.S. at 46, 91 S.Ct. at 751.

■■■ *Younger* abstention is appropriate in the present matter since criminal proceedings are pending against Steve Richardson,

holder of Classy Kats' alcoholic beverage license, in the Georgia court system.[2] Richardson was convicted in Recorder's Court for violating 6–1222(h), and has appealed the fine imposed to the Superior Court of Chatham County. Since a state's trial and appeals process is "a unitary system," the Court cannot disrupt the process while a case is on appeal. *Redner v. Citrus County, Florida,* 919 F.2d 646, 649 (11th Cir.1990) (upholding *Younger* abstention where conviction for violation of nude dancing ordinance appealed), *cert. denied,* —— U.S. ——, 112 S.Ct. 303, 116 L.Ed.2d 246 (1991). The fact that Top Shelf seeks relief from only future prosecutions does not remove the *Younger* bar since any judgment rendered by this Court could influence the pending state prosecution. 17A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure 2d § 4252 (1984).[3]

No exceptional circumstances warrant this Court's intervention into the proceedings against Richardson. Where *Younger* abstention is appropriate, a federal court may intervene only where 1) a prosecution has been brought in bad faith or to harass,[4] 2) a statute is flagrantly unconstitutional, or 3) some other extraordinary circumstance threatens great and immediate irreparable injury. *Younger,* 401 U.S. at 49–50, 53–54, 91 S.Ct. at 753–754, 754–755. Top Shelf relies on the third exception, and claims that stare decisis is the extraordinary circumstance requiring this Court to interfere with a pending state criminal proceeding. Since the Georgia Supreme Court recently upheld an ordinance virtually identical to 6–1222(h) in *S.J.T., Inc. v. Richmond County,* 263 Ga. 267, 430 S.E.2d 726 (1993), Top Shelf believes that it has no chance of success on its constitutional claims in state court. The fear of an unfavorable result does not constitute an extraordinary circumstance under *Younger. See Huffman v. Pursue, Ltd.,* 420 U.S. 592, 610, 95 S.Ct. 1200, 1211, 43 L.Ed.2d 482 (1975) (abstaining from preappeal interference because *Younger* does not permit "truncation of the exhaustion requirement merely because the losing party in state court ... believes that his chances of success on appeal are not auspicious.").

Cases discussing extraordinary circumstances under *Younger* indicate that the circumstances must be extraordinary indeed to warrant interference in state judicial proceedings. *Compare Martin–Marietta Corp. v. Bendix Corp.,* 690 F.2d 558 (6th Cir.1982) (extraordinary circumstances where competing tender offers made time of the essence, depriving parties of an adequate opportunity to raise and have timely decided federal issues in state court proceedings) *and Thomas v. Fiedler,* 700 F.Supp. 1527, 1535 (E.D.Wis. 1988) (driver's license suspension statute limiting pre-suspension hearing to six issues, none of which involved constitutional claims, denied plaintiffs of "a full and fair opportunity to litigate" their constitutional objections), *appeal dismissed as moot,* 884 F.2d 990 (7th

---

**2.** In response to a question from the Court at the September 9, 1993, hearing, Top Shelf's counsel (who also represents Richardson) stated that the state court proceedings were criminal in nature since plaintiff could be confined for violating 6–1222(h). This Court will analyze this case accordingly.

**3.** Even if the proceedings pursuant to 6–1222(h) were not criminal, the same result would accrue. *Younger's* reach has been expanded to apply to ongoing state judicial proceedings which implicate important state interests and afford plaintiff an adequate opportunity to raise federal claims. *Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (state administrative proceedings). In the case at bar, the ongoing proceedings involving 6–1222(h) implicate the state's power to protect order and morality, a substantial governmental interest. *See Barnes v.*

*Glen Theatre, Inc.,* —— U.S. ——, 111 S.Ct. 2456, 115 L.Ed.2d 504 (1991). Additionally, Top Shelf, through Richardson, raised constitutional claims before the Recorder's Court, *see* Ex. D to Stipulations, Tr. at 27–30, and nothing impedes Richardson from raising these claims on appeal to the Superior Court.

**4.** The Court notes that Richardson's arrest was not made in bad faith or to harass. An officer of the Savannah Police Department telephoned the city's nude dancing establishments, including Classy Kats, after receiving an anonymous tip that the establishments planned to challenge the nude dancing ordinance. Richardson informed her that on the advice of his attorney, he intended to challenge the ordinance. Ex. D to Stipulations, Tr. at 4. Richardson and Top Shelf have the desired opportunity to challenge 6–1222(h), albeit not in federal court during pending state criminal proceedings.

Cir.1989); *with Willhauck v. Flanagan*, 448 U.S. 1323, 101 S.Ct. 10, 65 L.Ed.2d 1147 (1980) (Brennan, J., sitting as Circuit Justice on Application for Stay) (suggesting exception for double jeopardy claims when all state remedies have been exhausted, but declining to apply it since no sufficient irreparable harm was alleged) *and Kugler v. Helfant*, 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975) (no extraordinary circumstances where judge prosecuted after state supreme court justices allegedly coerced him to testify before grand jury; fair trial in state system still possible since coercive justices could be disqualified and most of the allegedly coercive members were no longer on the state supreme court). Top Shelf's sense of impending doom does not constitute an extraordinary circumstance under *Younger*; certainly, application of binding precedent does not threaten such great, immediate, and irreparable injury as to permit this Court's intervention.[5]

In light of the proceedings pending in state court and the absence of extraordinary circumstances, this Court must abstain from deciding the merits of Top Shelf's claims and dismiss the instant action. *See Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S.Ct. 1689, 1697, 36 L.Ed.2d 488 (1973) (*Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts."). Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for a Preliminary Injunction be and is denied.

**IT IS FURTHER ORDERED** that the above-captioned action be and is dismissed.

5. Alas, precedent binding on this Court is probably no more beneficial to Top Shelf's claims. The state's power to ban the sale of alcoholic beverages pursuant to the Twenty-first Amendment includes the lesser power to ban the sale of alcoholic beverages on premises where nude dancing occurs. *California v. LaRue*, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972). *See also City of Newport v. Iacobucci*, 479 U.S. 92, 107 S.Ct. 383, 93 L.Ed.2d 334 (1986) (per curiam); *New York State Liquor Auth. v. Bellanca*, 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981) (per curiam). Georgia extends this broad power to *local* governing bodies. *See Illusions on Peachtree Street, Inc. v. Young*, 257 Ga. 142, 356 S.E.2d 510 (1987); *Jackson v. Three Aces Co.*, 249 Ga. 395, 291 S.E.2d 522 (1982).