S95A1445, S95A1447. RECYCLE & RECOVER, INC. v. GEORGIA BOARD OF NATURAL RESOURCES (two cases).
(466 SE2d 197)

CARLEY, Justice.

The Georgia Board of Natural Resources (Board) issued a permit to Recycle & Recover, Inc. (RRI) for the construction and operation of a solid waste treatment facility. Shortly thereafter, RRI filed an application for a major modification of the facility. Before the Board took final action on RRI's application, the General Assembly amended OCGA § 12-8-24 (e) (1) so as to provide that, with one ex-

---

ception not applicable here, a major modification "shall not be granted . . . sooner than three years from the date any such facility commenced operation. . . ." Based upon this amendment, the Board denied RRI's application. On petition for judicial review, the superior court found that the Board's decision was appropriate and did not violate RRI's constitutional rights. In Case No. S95A1445, RRI appeals directly and, in Case No. S95A1447, RRI appeals pursuant to this Court's grant of its application for discretionary appeal.

1. A superior court's review of the decision of a state administrative agency can be appealed only by means of a granted discretionary application. OCGA § 5-6-35 (a) (1); *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192) (1994). Therefore, we dismiss RRI's direct appeal and address the merits of the appeal brought pursuant to the grant of RRI's discretionary application. *Cobb County v. McColister*, 261 Ga. 876 (413 SE2d 441) (1992).

2. RRI contends that the Board's decision giving retroactive effect to the amendment of OCGA § 12-8-24 (e) (1) constitutes an unconstitutional application thereof.

In the exercise of the police power, the General Assembly is authorized to place "[r]estrictions upon land use in order to protect and preserve the natural resources, environment, and vital areas of this state." Ga. Const. of 1983, Art. III, Sec. VI, Par. II (a) (1); *Hayes v. Howell*, 251 Ga. 580, 585 (2) (b) (308 SE2d 170) (1983). It was in the exercise of this police power that the General Assembly amended OCGA § 12-8-24 (e) (1). An enactment under the police power does not ordinarily violate any constitutional prohibition against retroactive statutes. Nevertheless, our Constitution forbids passage of retroactive laws which injuriously affect the vested rights of citizens. *Fortson v. Weeks*, 232 Ga. 472, 483-484 (7) (208 SE2d 68) (1974); *Bullard v. Holman*, 184 Ga. 788, 792 (193 SE 586) (1937). Thus, if RRI has a vested right which would be injuriously affected by application of the amendment of OCGA § 12-8-24 (e) (1), then our Constitution requires that that amendment be applied prospectively rather than retroactively.

The term "vested rights" means " 'interests which it is proper for (the) state to recognize and protect and of which (the) individual cannot be deprived arbitrarily without injustice.' [Cits.]" *Hayes v. Howell*, supra at 584 (2) (b). A statute which confers a right upon an applicant seeking to alter the use of his property confers no vested rights upon all property owners. See *Stone Mountain Indus. v. Wilhite*, 221 Ga. 269 (144 SE2d 357) (1965). However, a property owner "can avail himself of the privilege thereof while it remains in the [statute]." *Stone Mountain Indus. v. Wilhite*, supra at 269. Thus, if a property owner becomes an actual applicant seeking to alter the use of his land, he has a vested right to consideration of his application

under the statutory law then in existence. *Banks County v. Chambers of Ga.*, 264 Ga. 421 (444 SE2d 783) (1994). See also *Inner Visions, Ltd. v. City of Smyrna*, 260 Ga. 902 (400 SE2d 915) (1991). Compare *Jackson v. Three Aces Co.*, 249 Ga. 395 (291 SE2d 522) (1982) (involving state authority under the Twenty-First Amendment).

*Banks County* is not distinguishable on the basis that it involved the question of an applicant's compliance with the local zoning ordinance. See OCGA § 12-8-24 (g). Just as requiring permits for solid waste disposal is an exercise of police power, so too is the regulation of zoning. *Michiels v. Fulton County*, 261 Ga. 395, 397 (2) (405 SE2d 40) (1991); *Corey Outdoor Advertising v. Bd. of Zoning Adjustment*, 254 Ga. 221, 224 (3) (327 SE2d 178) (1985). In either instance, our Constitution prohibits a legislative exercise of the police power so as to injure the vested rights of citizens. Thus, *Banks County* correctly held that the filing of a then-proper application for a sanitary landfill permit gives the landowner a vested right to issuance of the permit. *Banks County*, supra at 423 (1) (citing *Southern States Landfill v. Walton County*, 259 Ga. 673, 674 (1) (386 SE2d 358) (1989)).

In the instant case, RRI applied for modification of its permit less than three years after commencing operation of its facility, but before the amendment to OCGA § 12-8-24 (e) (1) imposed the three-year waiting period. Giving retroactive effect to the amendment would result in a delay of the decision on RRI's application for three years after operations commenced. " 'Justice delayed is often justice denied.' " *Davis v. Davis*, 222 Ga. 579, 581 (151 SE2d 123) (1966). Delaying a remedy for three years is not merely procedural and should not, therefore, be applied retroactively. Compare *Bullard v. Holman*, supra at 791 (2). "[F]or practical purposes the existence of a right depends on the availability of an *effective* remedy to enforce it." (Emphasis supplied.) 2 Sutherland Stat. Const., p. 399, § 41.09 (5th ed. 1993). It follows that the trial court erred in upholding the Board's decision giving the subsequent amendment to OCGA § 12-8-24 (e) (1) retroactive effect over RRI's pre-existing application for modification. However, we do not reach the ultimate question of whether RRI is entitled to issuance of a permit for major modification.

*Appeal dismissed in Case No. S95A1445. Judgment reversed in Case No. S95A1447. All the Justices concur, except Hunstein, J., who concurs specially; Benham, C. J., Fletcher, P. J., and Sears, J., who dissent.*

HUNSTEIN, Justice, concurring specially.

While I do not agree with the majority that the mere filing of an application for a permit by RRI gave it a "vested right" that would bar retroactive application of the amendment to OCGA § 12-8-24 (e)

(1), I concur in the majority's result because my review of the record shows that RRI had a "vested right" due to RRI's substantial expenditures in reliance upon the permit.[1] See *Banks County v. Chambers of Ga.*, 264 Ga. 421, 427 (444 SE2d 783) (1994) (Hunstein, J., dissenting). I agree with the majority that our holding that RRI has a "vested right" does not constitute a ruling whether RRI has complied with all the legal requirements for a permit so as to entitle it to issuance thereof.

FLETCHER, Presiding Justice, dissenting.

The majority opinion ignores the facts, misapplies the law, and sets bad policy by ruling that Recycle & Recover, Inc. need not wait the three years now required by law before seeking to expand its Cherokee County landfill by 300 percent. This decision allows Recycle to expand its landfill capacity from 11 million cubic yards to 35 million cubic yards while escaping reasonable statutory requirements. The handling of solid waste is too critical to public health to apply the law as it existed at the time Recycle first filed its application. Because Recycle does not have a vested right to a major modification of its landfill, I dissent.

In 1989, Recycle filed an application for a solid waste handling permit to operate a municipal solid waste landfill in Cherokee County. The Department of Natural Resources in 1992 issued a permit granting Recycle authority to operate the landfill with a capacity of 11 million cubic yards. An administrative law judge affirmed the issuance of the permit a year later. In August 1993, prior to the landfill opening, the company applied for a major modification to increase the landfill's capacity to 35 million cubic yards. Before DNR could approve the application, the legislature amended the Georgia Comprehensive Solid Waste Management Act to prohibit the director from granting a major modification of a landfill "sooner than three years from the date any such facility commenced operation."[2] Relying on this amendment, DNR denied Recycle's application for a major modification in January 1995. The trial court upheld the department's decision and Recycle appealed.

1. Contrary to the majority's conclusion, Recycle did not have a vested right to modify its existing solid waste handling permit. " 'To be vested, in its accurate legal sense, a right must be complete and consummated, and one of which the person to whom it belongs can-

---

[1] Given the history to the amendment to OCGA § 12-8-24 (e) (1), this case is factually distinguishable from *Banks County v. Chambers of Ga.*, 264 Ga. 421 (444 SE2d 783) (1994), wherein the landowner engaged in a " 'race of diligence' " to file its application before a pending zoning change was enacted. Id. at 426 (Hunstein, J., dissenting).

[2] See Ga. L. 1994, p. 1922 (codified at OCGA § 12-8-24 (e) (1) (Supp. 1995)).

not be divested without his consent.' "[3] Recycle did not have a consummated right to a permit for a major expansion of its landfill because its application was incomplete when initially filed and when the three-year waiting period became effective. On April 14, 1994, Recycle withdrew a critical document — its site assessment report — in response to DNR's notice setting out the report's deficiencies. As a result, DNR suspended its review of the proposed landfill site pending the resubmission of the assessment report. Thus, when the 1994 amendment went into effect on April 19, 1994, Recycle was not entitled to approval of its application because it had not yet complied with the requirements for a major modification.[4]

Nor did Recycle obtain a vested right in its *application* to modify. A person has no vested right in a procedure.[5] The majority opinion states that it does not reach the "ultimate question of whether [Recycle] is entitled to issuance of a permit for major modification."[6] If this sentence means that Recycle has a vested right in its application, as opposed to the permit, then the majority gives Recycle the right to be heard without abiding by the three-year moratorium established in the 1994 amendment. The effect of this holding is to give Recycle a vested right in a procedure — the time for filing an application — contrary to state law.[7]

2. A state legislature may enact state laws under the exercise of its police power for the protection of the public "without violating any express or implied constitutional prohibition against retroactive statutes."[8] This inherent power to protect the lives, health, and property of citizens is not subject to any definite limitations.[9] Applying these principles, this Court upheld the constitutionality of a 1975 act concerning adverse possession of certain mineral rights as applied to a pre-1975 deed.[10] Similarly, the state must have the flexibility to eval-

---

[3] *Hayes v. Howell*, 251 Ga. 580, 584 (308 SE2d 170) (1983) (quoting *Merchants Bank v. Garrard*, 158 Ga. 867, 871 (124 SE 715) (1924)); see also Black's Law Dictionary 1402 (5th ed. 1979) (defining a vested right as an "[i]mmediate or fixed right to present or future enjoyment and one that does not depend on an event that is uncertain").

[4] Between the effective date of the 1994 amendment and DNR's denial of Recycle's application, Recycle resubmitted its site assessment report, hydro geological assessment report, and design and operation plan.

[5] See *Hunter v. Johnson*, 259 Ga. 21, 22 (376 SE2d 371) (1989); *Pritchard v. Savannah St. &c. R. Co.*, 87 Ga. 294 (13 SE 493) (1891).

[6] 266 Ga. at 255.

[7] See *Stone Mountain Indus. v. Wilhite*, 221 Ga. 269, 271 (144 SE2d 357) (1965) (upholding the right of a county to increase the time for filing a rezoning application from 12 months to 18 months because the "original provision for a renewed application after 12 months gave no property owner a vested and irrevocable right to apply after 12 months").

[8] *Bullard v. Holman*, 184 Ga. 788, 792 (193 SE 586) (1937).

[9] *Pope v. City of Atlanta*, 242 Ga. 331, 333 (249 SE2d 16) (1978), cert. denied, 440 U. S. 936 (99 SC 1281, 59 LE2d 494) (1979).

[10] See *Hayes*, 251 Ga. at 585.

uate pending applications for solid waste handling permits based on current standards, regulations, and technology.[11] In this case, DNR evaluated Recycle's site assessment based on a circular that was revised after its application was filed and imposed new criteria for performing site acceptability studies for solid waste landfills.

Based on its inherent police power, the legislature passed the solid waste management act to provide for a comprehensive statewide program to assure that landfills do not adversely affect the public health and safety or degrade the environment.[12] To fulfill this purpose, the act makes it unlawful for any person to engage in solid waste handling or construct or operate a solid waste handling facility in Georgia without first obtaining a state permit.[13] The act gives the Board of Natural Resources the power to promulgate rules and regulations that enforce the statute and to take all necessary steps to ensure effective enforcement.[14] The act likewise grants broad enforcement powers to DNR, including the power to administer the act, issue permits, conduct studies, investigate compliance, implement comprehensive plans, institute enforcement proceedings, and exercise "all incidental powers necessary to carry out the purposes of this part."[15] This comprehensive regulatory scheme is a reasonable exercise of the state's police power. Under it, the state may delay the application process for a major modification of a landfill to enable state regulators to evaluate the efficacy of the existing operation before approving a three-fold expansion in the landfill's capacity.

Because of the distinction between a comprehensive state environmental law affecting public health and a local zoning ordinance governing land use, the zoning cases holding that property owners have vested rights do not apply in this case. A permit to handle solid waste is not a local zoning requirement, like a building permit or a special use permit, but is more in the nature of a state licensing requirement. Although both zoning and licensing regulations promote the general welfare, they accomplish this purpose by dissimilar means.[16] "The fact that a zoning ordinance permits a use in a particu-

---

[11] See OCGA § 12-8-24 (e) (granting director the power to modify solid waste handling permits according to rules promulgated by the board); cf. OCGA § 12-5-30 (d) (granting the director the power to revoke, suspend, or modify permits to discharge pollutants into waters of state based on any changed condition that requires the discharge to be reduced or eliminated).

[12] OCGA § 12-8-21 (1992); see Solid Waste Management, 7 Ga. St. U. L. Rev. 231 (1990) (describing legislative history of 1990 bills amending the act).

[13] OCGA §§ 12-8-24 (a); 12-8-30.10 (applying to all persons except individuals disposing of solid waste from their residence onto their own land which does not adversely affect the public health).

[14] OCGA § 12-8-23.

[15] OCGA § 12-8-23.1.

[16] *Cobb County v. Peavy*, 248 Ga. 870, 872 (286 SE2d 732) (1982).

lar district does not authorize the use there without a license."[17] A license imposing additional restrictions on land use may be required when the use is affecting natural resources like air, soil, and water. As a result of these differences, we have previously refused to extend the theory of vested rights under zoning law to licensing regulations.[18] Rather, the standards to apply in licensing cases are "those existing at the time of the hearing on the license application rather than at the time the application is filed."[19] Nothing in the plurality opinion in *Banks County v. Chambers of Ga.*[20] requires a different result since that case addressed a narrow question of compliance with a local zoning ordinance.

3. Since Recycle has no vested right and solid waste handling is a public health issue, the trial court correctly held that DNR should apply the law existing when it decided Recycle's application.[21] Under the 1994 amendment, Recycle's application for a major modification of its Cherokee County landfill permit was untimely. OCGA § 12-8-24 (e) (1) provides that modifications of existing solid waste handling permits to allow horizontal expansion "shall be classified as major permit modifications and shall not be granted by the director sooner than three years from the date any such facility commenced operation," unless the facility's capacity is increased no more than ten percent. Recycle filed its application before it commenced operating its landfill under the 1992 permit and sought to expand the landfill's capacity by more than ten percent. Therefore, it was not entitled to a modification under the statute.

I am authorized to state that Chief Justice Benham and Justice Sears join in this dissent.

DECIDED JANUARY 22, 1996 —
RECONSIDERATION DENIED FEBRUARY 16, 1996.

*Davis, Gregory, Christy & Forehand, Hardy Gregory, Jr., Dick*

---

[17] Id.

[18] See id. (holding that issuance of a business license is not the same as issuance of a building permit); see also *Jackson v. Three Aces Co.*, 249 Ga. 395, 396 (291 SE2d 522) (1982) (refusing to apply zoning rule in liquor licensing case).

[19] *Jackson v. Three Aces Co.*, 249 Ga. at 396.

[20] 264 Ga. 421 (444 SE2d 783) (1994). Even if the case were not distinguishable, its value as a precedent is questionable given that only three justices concurred in both the reasoning and result of the opinion. Two justices concurred in the judgment only, and two justices dissented.

[21] See *Jackson v. Three Aces Co.*, 249 Ga. at 396; cf. *City of Valdosta v. Singleton*, 197 Ga. 194, 208 (28 SE2d 759) (1944) (a reviewing court should apply the law as it exists at the time of its judgment where the law has been changed and new law impairs no vested right under the prior law).

*Wilson, Jr., L. Robert Lovett,* for appellant.

*Michael J. Bowers, Attorney General, Robert S. Bomar, Senior Assistant Attorney General, Barbara H. Gallo, Assistant Attorney General, Kirwan, Parks, Chesin & Remar, Robert S. Remar, Susan M. Garrett,* for appellee.

