S98A1338. DeKALB COUNTY et al. v. STATE OF GEORGIA et al.
(512 SE2d 284)

THOMPSON, Justice.

The issues for decision in this appeal are (1) whether OCGA § 48-8-67 is unconstitutional, either as a retrospective application of law which alters appellants' vested rights, or as a breach of an implied contract between DeKalb County and the State of Georgia;

and (2) whether the trial court erred in dismissing appellants' claim for an accounting. We hold that the statute is constitutional on both bases; however, we remand the claim for an accounting to the trial court for further consideration.

The Homestead Option Sales & Use Tax Act, OCGA § 48-8-100 et seq., enacted by Ga. L. 1995, p. 655, authorizes county governments to levy a homestead options sales and use tax (HOST tax) in the amount of one percent of sales and use revenue generated. The Act requires the Commissioner of Revenue (Commissioner) to collect the tax on behalf of a county, retain one percent of the amount collected to defray administrative costs, and remit the remainder to that county. To facilitate proper collection and dissemination of the taxes, vendors are required to submit to the Commissioner a sales and use tax return that identifies the location from which the sales and use taxes were collected. Pursuant to a referendum passed by DeKalb County voters, DeKalb County implemented the HOST tax effective July 1, 1997.

Because of problems resulting from the revision of its sales and use tax report form and the implementation of a new computer system, the Department of Revenue had a $150 million backlog of undistributed and unidentifiable local option sales tax proceeds which were reported and collected prior to the enactment of OCGA § 48-8-67. Although DeKalb County is the only jurisdiction that has adopted the HOST tax, the backlog of unidentifiable proceeds also included other local option sales taxes imposed by other jurisdictions that the Commissioner is authorized by law to collect and distribute.

The provision under consideration, OCGA § 48-8-67, went into effect on April 6, 1998. It directs the Commissioner, after making "reasonable efforts to obtain the information needed to make a distribution of those proceeds," to "allocate unidentifiable proceeds among the authorized recipients in the same proportion as" identified proceeds.

DeKalb County filed suit in the Superior Court of Fulton County asserting that OCGA § 48-8-67 is unconstitutional because it applied retrospectively to DeKalb County's right to proceeds which had accrued prior to the enactment of OCGA § 48-8-67, under OCGA § 48-8-100 et seq., and breached an implied contract between the State of Georgia and DeKalb County. DeKalb County also sought mandamus, accounting, injunction, and other relief. The superior court granted the State's motion to dismiss, holding that the statute was not unconstitutional, and that the remaining claims were, therefore, subject to dismissal. DeKalb County appeals. We affirm in part and remand in part.

1. "Laws prescribe . . . for the future; they cannot impair the obligation of contracts nor, ordinarily, have a retrospective opera-

tion." OCGA § 1-3-5. Further, "[a] constitutional act of the legislature has been found to be the equivalent of a contract and the rights created thereby may not be impaired by subsequent legislation." *Enger v. Erwin*, 245 Ga. 753, 754 (267 SE2d 25) (1980).

But, a statute does not operate retrospectively in its legal sense simply " 'because it relates to antecedent facts, . . . it [must be] intended to affect transactions which occurred or rights which accrued before it became operative as such, and which ascribe to them essentially different effects, in view of the law at the time of their occurrence.' " *Appalachee Enterprises v. Walker*, 266 Ga. 35 (2) (463 SE2d 896) (1995) (quoting *Ross v. Lettice*, 134 Ga. 866, 868 (68 SE 734) (1910)). That is, retrospective operation " 'takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new liability in respect to transactions or considerations already past.' " *Appalachee Enterprises*, supra at 37 (quoting *Ross*, supra). See also *Coastal Ga. Regional Dev. Center v. Higdon*, 263 Ga. 827, 830 (2) (439 SE2d 902) (1994). But where the statute merely cures defects, enforces existing obligations, or confirms existing rights, it does not impair the substantive rights of the party and is not void. *Seaboard Air-Line R. Co. v. Benton*, 175 Ga. 491, 498 (3) (165 SE 593) (1932); *Byers v. Black Motor Co.*, 65 Ga. App. 773, 779 (16 SE2d 478) (1941). Thus, a statute that is procedural or remedial in nature may operate retrospectively so long as it does not impair vested rights. *Enger*, supra at 754; *Seaboard Air-Line R. Co.*, supra at 499 (3).

Once DeKalb County met the statutory requirements and implemented the HOST tax in July 1997, OCGA § 48-8-100 et seq. conferred on DeKalb County a substantive right to the tax proceeds collected by the Commissioner. Although the statute requires that the sales and use tax returns identify the location from which the tax is collected in order to facilitate the Commissioner's proper distribution of the tax proceeds, it is silent on the Commissioner's obligations should a tax return omit the identifying information.

OCGA § 48-8-67 provides direction to the Commissioner regarding the distribution of collected tax proceeds that are unidentifiable. It requires that the Commissioner first make a reasonable effort to identify the proceeds, then distribute unidentifiable proceeds to authorized recipients in the same proportion as identified proceeds. Prior to the enactment of OCGA § 48-8-67, to the extent that the Commissioner could identify tax proceeds as belonging to DeKalb County, he was required to remit them. It is not logical that DeKalb County has a vested right in tax proceeds that were not identifiable as belonging to it. Since there was no statutory directive regarding the disbursement of unidentifiable proceeds, the Commissioner was left to his discretion in dealing with them. An act of discretion does

not give rise to a vested right; DeKalb County's right to the tax proceeds extended no further than the HOST statute granted. See *Matheson v. DeKalb County*, 257 Ga. 48 (3, 5) (354 SE2d 121) (1987).

After the enactment of OCGA § 48-8-67, DeKalb County was still entitled to HOST tax proceeds that could be identified as belonging to it. OCGA § 48-8-67 did not take away or impair any existing rights; it removed the Commissioner's discretion by providing a disbursement scheme to distribute unidentifiable tax proceeds. In this sense, the statute is procedural in nature and does not impair DeKalb County's substantive rights, either by operating retrospectively or breaching an implied contract.

2. When the sufficiency of a complaint is questioned by a motion to dismiss, the complaint is to be construed in the light most favorable to the plaintiff, with all doubts resolved in plaintiff's favor. *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997). A motion to dismiss for failure to state a claim should not be sustained unless the allegations of the complaint reveal, with certainty, that plaintiff would not be entitled to relief under any state of provable facts asserted in support thereof. OCGA § 9-11-12 (b) (6); *Vaughan v. Vaughan*, 253 Ga. 76, 77 (317 SE2d 201) (1984); *Ford v. Whipple*, 225 Ga. App. 276 (483 SE2d 591) (1997). Upon determining that OCGA § 48-8-67 is constitutional, the trial court summarily dismissed DeKalb County's remaining claims for injunction, mandamus, and accounting. Because we believe that DeKalb County has asserted material allegations on the issue of accounting which call into question whether the Commissioner made "reasonable efforts" to identify the proceeds, the trial court erred in dismissing the claim for failure to state a cause of action. Accordingly, we remand that claim to the trial court for further consideration.[1]

It does not follow that DeKalb County's additional claims for relief disappeared upon a finding that the statute is constitutional. The Commissioner is required to carry out the mandates of a constitutionally enacted statute. OCGA § 48-8-67 requires the Commissioner to "make reasonable efforts to obtain the information needed to make a distribution of [the tax] proceeds." Only when the information "cannot be obtained" is the Commissioner to distribute unidentifiable proceeds on a pro rata basis. A letter from the Commissioner to the DeKalb County Board of Commissioners, which was appended

---

[1] We do not believe that the Commissioner's distribution of these tax proceeds has rendered this issue moot. If the ultimate resolution of this issue is that DeKalb County is entitled to a larger share of the proceeds, the Commissioner has authority to make appropriate adjustments. OCGA § 48-8-67 (f) states that "negotiation of the first distribution shall constitute a release and full accord and satisfaction for any and all refund requests or claims with respect to any sales and use tax collected prior to April 1, 1998." We have been informed by the parties that DeKalb County has not accepted or negotiated its distribution.

to the complaint, stated that "simultaneously implementing the new [computer] system, the new reporting forms, and new taxes has resulted in an unusually high error rate, despite our considerable investments in taxpayer education and training." The trial court acknowledged that it had seen no evidence contradicting the allegation that the Commissioner had made substantial errors.

Appellees assert that even if the Commissioner made substantial errors, OCGA § 48-8-67 cures the errors by providing a method of distribution of the proceeds. A remedial statute cannot negate, however, the legal obligations imposed by the statute. OCGA § 48-8-67 is remedial in the sense that it corrects a procedural deficiency in the law. It does not alter the obligations imposed on the Commissioner by the law.

In light of the evidence contained in the record, whether the Commissioner fulfilled his obligation under the law, and whether an accounting and subsequent mandamus are appropriate, depends on whether the Commissioner made "reasonable efforts" to identify the tax proceeds. That is a question to be determined by the trial court.

*Judgment affirmed in part and reversed in part. Benham, C. J., Fletcher, P. J., Sears, Hines, JJ., Judge Charles B. Mikell and Senior Judge Joel J. Fryer concur. Hunstein and Carley, JJ., disqualified.*

DECIDED FEBRUARY 22, 1999 —
RECONSIDERATION DENIED APRIL 2, 1999.

*Jonathan A. Weintraub, Joan F. Roach, Smith, Howard & Ajax, Harvey S. Gray, Matthew L. Hilt,* for appellants.
*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Harold D. Melton, Warren R. Calvert, Senior Assistant Attorneys General, Stefan E. Ritter, Assistant Attorney General,* for appellees.