300 Ga. 609
FINAL COPY

S16A1716. SOUTHERN STATES-BARTOW COUNTY, INC. et al v. RIVERWOOD FARM HOMEOWNERS ASSOCIATION et al.

HUNSTEIN, Justice.

In 1991, this Court declared Bartow County's zoning ordinance to be invalid, see Tilley Properties, Inc. v. Bartow County, 261 Ga. 153 (1) (401 SE2d 527) (1991). Two years later, Bartow County enacted a new zoning ordinance that, among other things, included a provision addressing vested rights for non-conforming use that were acquired during the absence of a valid zoning ordinance. Now, almost 25 years later, this case requires a determination as to whether that 1993 vested-right provision is unconstitutional as applied to Appellant Southern States-Bartow County, Inc. Though the trial court concluded that the zoning provision in question suffered no constitutional infirmity, we disagree. Because the zoning provision is unconstitutional as applied to Southern States, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion.

The facts of this case date back 30 years, and, though the Court of Appeals

accurately recounted the procedural and factual background of this case in a separate appeal, see Southern States-Bartow County, Inc. v. Riverwood Farm Property Owners Assn., Inc., 331 Ga. App. 878 (769 SE2d 823) (2015) (Southern States I), some background is necessary to our analysis. In 1989, Southern States filed an application with the Georgia Department of Natural Resources, Environmental Protection Division ("EPD"), to develop and operate a landfill on its property in unincorporated Bartow County. In May 1990, Southern States requested from the county a certificate of zoning compliance indicating that the zoning district in which its property was located permitted the operation of a landfill. This zoning approval, which the county had provided to the previous owners of the land in the late 1980s, was a required component of the landfill application. In June 1990, Bartow County denied Southern States' request for a certificate of land use approval on the ground that the then-controlling zoning ordinance did not allow a landfill on the site; Southern States initiated litigation shortly thereafter in the Bartow County Superior Court ("the zoning litigation").

In 1991, this Court declared Bartow County's zoning ordinance invalid because the ordinance had not been enacted in compliance with Georgia's

Zoning Procedures Law. See <u>Tilley Properties</u>, 261 Ga. at 154. In September 1993, Bartow County enacted a new zoning ordinance, which included the following provision:

> A lawful use of or vested right to use any building, structure, or land existing at the time of the adoption of this ordinance or the adoption of any amendment thereto may be continued subject to the restrictions contained in this ordinance even though such use does not conform with the regulations of this ordinance except that:
> 6.1.4 Any intended non-conforming use for which a vested right was acquired prior to the adoption of this ordinance or the adoption of an amendment thereto shall be prohibited unless such is actually commenced within one year of the adoption of this ordinance or the adoption of an amendment thereto regardless of the intent or expectation to commence or abandon such non-conforming use.[1]

(Hereinafter "Section 6.1.4"). Meanwhile, the zoning litigation continued and, in September 1994, the Bartow County Superior Court ruled in favor of Southern States, concluding that, in the absence of a valid zoning ordinance in existence at the time of its application to the EPD, Southern States acquired a vested right to obtain a certificate of the right to use its real property without county use restrictions. The September 1994 order, which was not appealed, concluded that Southern States has a vested right "in all the necessary

---

[1] This provision has been removed from subsequent zoning ordinances.

3

certificates to be issued [by Bartow County] to get approval from the necessary agency to operate a landfill." Shortly after the September 1994 order, Bartow County issued a certificate of zoning compliance, and, over the course of the following 20 years, the county zoning administrator continued to issue certification letters confirming Southern States' vested right to use the property as a landfill. Eventually, in 2013, the EPD issued a solid-waste handling permit to Southern States, allowing the land to be developed into a landfill.

In May 2013, Appellee Riverwood Farm Property Owners Association, Inc., a group of private property owners in unincorporated Bartow County, filed a complaint for declaratory judgment and injunctive relief alleging, inter alia, that the approved landfill violated Bartow County zoning ordinances. The trial court granted partial summary judgment in favor of Riverwood Farm, and Southern States appealed. See Southern States I, supra.[2] In that appeal, the Court of Appeals concluded, inter alia, that Southern States' vested right — which was *recognized* by the Bartow Superior Court in September 1994 — was

---

[2] Southern States I was originally docketed in this Court, but, following our conclusion that we lacked jurisdiction to consider the appeal, it was transferred to the Court of Appeals.

*acquired* as of the date of its May 1989 application to the EPD and, further, that the vested right was governed by Section 6.1.4 as part of the 1993 zoning ordinance. Southern States I, 331 Ga. App. 883 (2). The Court of Appeals concluded that, under the plain language of Section 6.1.4, any vested right had lapsed after Southern States failed to commence the non-conforming use of its property within one year — or even within ten years — of the adoption of the zoning ordinance. Southern States I, 331 Ga. App. at 884-885. The Court of Appeals remanded the case to the trial court for it to consider Southern States' argument that Section 6.1.4 was unconstitutional.[3]

On remand, tasked with considering the constitutionality of Section 6.1.4, the trial court granted partial summary judgment in favor of Riverwood Farm, concluding that Southern States' as-applied challenge was unavailing in light of

---

[3] Southern States I also considered the trial court's conclusion that, in 2004, Southern States waived its vested right by submitting a "new" landfill-permit application to the EPD for its land in Bartow County. The Court of Appeals held that the trial court erred in this respect because "a genuine issue of material fact [exists] as to whether Southern States' 2004 application constituted a new permit such that any vested rights resulting from the 1989 application were waived." Southern States I, 331 Ga. App. at 885 (5). On remand, this issue was not considered because the trial court's ruling on the constitutionality of Section 6.1.4 rendered moot any question as to the character and import of the 2004 EPD permit application. Id. In light of our decision regarding Southern States' as-applied challenge, the trial court will now need to proceed on the issue of the 2004 application.

the fact that Southern States had not commenced the non-conforming use of its property for a decade after the enactment of the 1993 zoning ordinance. Southern States now appeals, asserting that the trial court erred when it found that Section 6.1.4 was not unconstitutional as applied. Our review of the trial court's grant of summary judgment is de novo. See Cowart v. Widener, 287 Ga. 622 (1) (a) (697 SE2d 779) (2010).

"Laws prescribe . . . for the future; they cannot . . . ordinarily, have a retrospective operation. . . ." OCGA § 1-3-5. See also DeKalb County v. State of Ga., 270 Ga. 776 (1) (512 SE2d 284) (1999). Our Constitution prohibits a legislative exercise of the police power that results in the passage of retrospective laws which injuriously affect the "vested rights" of citizens. See, e.g., Recycle & Recover, Inc. v. Georgia Bd. of Natural Resources, 266 Ga. 253 (2) (466 SE2d 197) (1996); Hayes v. Howell, 251 Ga. 580 (2) (b) (308 SE2d 170) (1983). See also Ga. Const. of 1983, Art. I, Sec. I, Par. X ("No bill of attainder, ex post facto law, retroactive law, or laws impairing the obligation of contract or making irrevocable grant of special privileges or immunities shall be passed."). This prohibition against retroactive impairment of vested rights extends to the enactment of zoning regulations, which is an exercise of police

6

powers. See Michiels v. Fulton County, 261 Ga. 395, 397 (2) (405 SE2d 40) (1991) ("In regulating zoning, a county exercises a governmental function, that of its police power."); RCG Properties, LLC v. City of Atlanta Bd. of Zoning Adjustment, 260 Ga. App. 355, 361 (579 SE2d 782) (2003) ("'[Z]oning power, vested in the county governing authority, is legislative.'" (Citations omitted.)). However, a law

> does not operate retrospectively in its legal sense simply "'because it relates to antecedent facts, . . . it [must be] intended to affect transactions which occurred or rights which accrued before it became operative as such, and which ascribe to them essentially different effects, in view of the law at the time of their occurrence.'" That is, retrospective operation "'takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new liability in respect to transactions or considerations already past.'"

(Citations omitted.) DeKalb County, 270 Ga. at 778. With these principles in mind, we turn to Southern States' as-applied challenge, which is dependent "'on the facts of a particular case or to a particular party.'" (Citations omitted.) Hertz v. Bennett, 294 Ga. 62, 66 (2) (c) (751 SE2d 90) (2013).

As the Court of Appeals recognized in Southern States I, Southern States acquired a vested right for a non-conforming use of its Bartow County land in May 1989 and realized that right in September 1994, see Southern States I, 331

7

Ga. App. at 883; that issue remains unchallenged. Likewise, whether Section 6.1.4, which was enacted in 1993, applies to Southern States' previously-acquired vested right and whether the plain language of that provision acts to divest Southern States of its vested right are also decided questions; the Court of Appeals answered both questions in the affirmative. Id. at 885. Bound by these legal conclusions, see OCGA § 9-11-60 (h), our conclusion is inescapable: Section 6.1.4, as applied in this case, affects "rights which accrued before it became operative" and "impairs vested rights acquired under existing laws or creates a new obligation." DeKalb County, 270 Ga. at 778.

Here, the one-year requirement imposed by Section 6.1.4 is not a mere minimal condition on Southern States' vested rights which is permitted under Georgia law. See Hayes, 251 Ga. at 583-584 (statute allowing mineral rights to be obtained by adverse possession where minerals were not worked nor taxes paid on those rights for a period of seven years only a "minimal condition" of vested right). Indeed, Section 6.1.4 acts to *eliminate* a previously acquired vested right if the non-conforming use is not commenced within one year — i.e., if the land is not actually *used* for the non-conforming purpose within that time frame, see Southern States I, 331 Ga. App. at 884. The timing provision

8

applies irrespective of the intent of the vested right holder, any possible financial outlay, and, relevant here, the feasibility of use within that time frame. The evidence before the trial court plainly established that commencing use of the Bartow County property as a landfill within the full year was simply unfeasible.[4] Consequently, as applied, Section 6.1.4 is retrospective and injuriously impairs Southern States' vested right to develop its land free from county use restriction. In light of the Court of Appeals' construction and application of Section 6.1.4 in Southern States I, the provision cannot merely be read and applied prospectively, see Recycle & Recover, 266 Ga. at 254; instead, we are required to declare it unconstitutional as applied to Southern States, and the trial court erred in concluding otherwise.

Accordingly, the judgment of the trial court is reversed, and this case is remanded for proceedings consistent with this opinion.

Judgment reversed and case remanded. All the Justices concur, except Benham, J., not participating.

---

[4] Because Section 6.1.4 ostensibly lapsed Southern States' vested right in the mid-1990s, see Southern States I, 331 Ga. App. at 884, neither the 20-years' worth of zoning certifications issued by the zoning administrator for Bartow County nor Southern States' delay in developing the land are relevant to whether Section 6.1.4 is unconstitutional as applied to Southern States. See, e.g., Michiels, 261 Ga. 397 (2).

Decided February 27, 2017.

Zoning ordinance; constitutional question. Bartow Superior Court. Before Judge Howell, Senior Judge.

Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling; Jones Cork & Miller, Robert C. Norman, Jr., for appellants.

Jenkins & Bowen, Brandon L. Bowen, Sarah C. Martin; Genevieve L. Frazier; Kazmarek Mowrey Cloud Laseter, Kimberley J. Hale, for appellees.