32540. WORLEY v. THE STATE.

GARDNER, J. 1. (a) The General Assembly of 1949 passed an act (Ga. L. 1949, p. 1007), section 1 of which reads: "Since motion picture theatres are being operated, and athletic events, games and contests are being held, on Sundays in most of the principal towns and cities of the State, it is hereby declared to be the policy of this State that a method should be provided whereby the citizens of any town or county may provide for the operation or prohibit the operation of motion picture theatres, and for holding of athletic events, games and contests, or for prohibiting the same, on Sundays. Nothing in this act shall legalize horse or dog racing within the State of Georgia." Section 2 of the act reads: "It shall be lawful for the operator or operators of any motion picture theatres and for those sponsoring or holding athletic events, games and contests, to hold the same on Sunday, providing, that before such shall be lawful the operator, operators or sponsors shall first obtain a permit from the mayor and council or other governing body of any municipal corporation within which the place of operation or showing are located; and if such theatre or place of holding such athletic event lies outside of such municipal corporation such permits shall be first obtained from the county commissioner or other governing body of the county in which said theatre or place of holding such games and contests are to take place. In the event Sunday movies are licensed in a community the operator shall show once each month a show on either a religious or educational subject."
The other portions of the act, besides the penalty for violating the act, provide for a referendum to grant or not to grant permission concerning the operation of motion picture theatres, or for holding athletic events, games and contests, on Sunday.
(b) After the passage of the act, the defendant applied to the County Commissioners of Clayton County and obtained a permit to operate a motor vehicle race track on the Sabbath day and paid a license of $400 for the permit. Thereafter, an accusation was brought against the defendant for operating an automobile race track on Sunday, March 20, 1949. Admissions were charged to the race track and various automobiles were operated on that date. For doing this the defendant was charged with carrying on his ordinary calling on the Lord's Day in violation of the Code, § 26-6905, which reads: "Any person who shall pur-

sue his business or the work of his ordinary calling on the Lord's Day, works of necessity or charity only excepted, shall be guilty of a misdemeanor." It was stipulated that the operation of this race track was the ordinary calling of the defendant and was not a work of necessity or charity. The case was submitted to a judge without the intervention of a jury.

(c) It is agreed by counsel for the State and for the defendant that the only question here presented is does the act of the General Assembly of 1949, p. 1007, supersede the provisions of the Code, § 26-3905 quoted above. It therefore follows that the question resolves itself as to whether the words "games and contests" prohibits automobile racing on Sundays when such racing is the ordinary calling of one operating the track. "Game" and "contest" are very broad generic terms. We should give them, as used in this statute before us, ordinary, usual signification. In *Standard Steel Works Co.* v. *Williams*, 155 *Ga.* 177, 181 (116 S. E. 636), the Supreme Court said: "Where the language of a statute consists of common, ordinary words, and there is nothing to show that any unusual meaning is to be attached to the terms employed, it would be going beyond the province of the court, and all recognized limitations upon it in the construction of statutes, to deny to the language employed in the act its ordinary, usual signification." In *Lasseter* v. *O'Neill*, 162 *Ga.* 826, 831 (135 S. E. 78), the Supreme Court said: "A game is any sport." Here we might state that there is no specific statute prohibiting automobile races. As is generally known, many games are prohibited by statute, some of them all the time, and others only on Sunday. The language of the act of 1949 does not warrant the construction placed upon it by the State's attorney to "athletic" games and contests. The act of 1949 did not repeal Code § 26-6905, when we construe that section and the act of 1949 in pari materia, as we should do. When thus construed together, the act of 1949 merely limits and restricts the type or types of businesses provided for in the Code section.

The court erred in overruling the motion for a new trial. The evidence demanded a judgment of acquittal.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*

Decided July 11, 1949.

*Wesley R. Asinof, Edwin S. Kemp,* for plaintiff in error.
*Lee Hutcheson, Solicitor,* contra.