32751. BROWN v. AKIN, Solicitor-General.

SUTTON, C. J. Tasker Brown was cited for contempt of Gordon Superior Court in that, after being restrained (on June 13, 1949) from operating a race track on Sunday, and after having been found in contempt, on August 5, 1949, for violating the restraining order on July 24, 1949, and fined and sentenced therefor, and while the restraining order was still in effect, he (on August 6, 1949) contemptuously drove in front of the residence of the judge "repeatedly with a loud-speaker in a very loud manner announcing that the biggest and best automobile races ever held in Gordon County would be run August 7, 1949" (on Sunday). From the evidence it appears that the defendant and others were restrained and enjoined on June 13, 1949, from operating a described race track on Sunday "in violation of the laws of Georgia"; that the defendant was adjudged in contempt on August 5, 1949, for violating the restraining order on July 24, 1949; and that announcements were made on Saturday, August 6, 1949, in front of the judge's home and elsewhere in Calhoun, Georgia, to the effect that the biggest and best races ever held in Gordon County would be held on Sunday, August 7, 1949. In addition to other testimony the trial judge testified that he was on the porch in front of his home and heard the announcements, and the defendant admitted making the announcements. The trial judge also stated in his testimony that the defendant had a permit to hold races on Sunday, and it appears from the briefs of counsel that this was a permit to hold athletic games and contests obtained from the Commissioner of Roads and Revenues of Gordon County, Georgia. The citation for contempt in this case is dated August 6, 1949, and the defendant was arrested on Sunday, August 7, 1949, before the time scheduled for the races that same afternoon. The defendant was adjudged in contempt on August 12, 1949, and was fined $200 and sentenced to 10 days in jail. He excepted to this judgment as being contrary to law and evidence.

This case is based on the acts and conduct of the defendant for the threatened violation of the restraining order of June 13, 1949, whereby the defendant was restrained from operating a race track on Sunday. The proceeding in which the defendant was adjudged guilty of contempt, on August 5, 1949, was for a violation of that same restraining order. The Supreme Court in passing on that case (*Brown* v. *Aiken*, 206 *Ga.* 153, 56 S. E. 2d, 277), on November 14, 1949, ruled: "By the act of 1949 (Ga. L. 1949, p. 1007), it is made lawful to sponsor or hold 'athletic events, games and contests' on Sunday by obtaining a permit from the governing body of the municipality or county, and an automobile race is such a 'game or contest' as provided by the statute. *Worley* v. *State*, 79 *Ga. App.* 594 (54 S. E. 2d, 439). Accordingly, where a person is enjoined from holding such a race 'on the Sabbath day in violation of the laws of Georgia' and subsequently is granted a permit from the proper authority in accordance with the statute and thereafter holds such a race on Sunday, it is error for the trial court to adjudge him in contempt for violating the injunction." Under the

ruling of the Supreme Court in that case, it was error for the trial judge to hold the defendant guilty of contempt in the present case.

*Judgment reversed. Felton and Worrill, JJ., concur.*

DECIDED JANUARY 6, 1950.

*T. L. Shanahan, Henry L. Barnett,* for plaintiff in error.
*Warren Akin, Solicitor-General,* contra.