19545. TROUTMAN *et al. v.* AIKEN, Director.

WYATT, Presiding Justice. Ernest D. Troutman and Ted K. Edwards filed their petition for mandamus against E. E. Aiken, Director, Department of License and Regulations of Fulton County. The petition prayed for mandamus absolute requiring the defendant to grant a license to operate a drag race at an airport owned and operated by the plaintiffs. It was stipulated between the parties: That a drag race is "agreed to be a contest among contestants in which the contestants race their automobiles from a standing start, along a measured course, and are timed by electrical timing equipment. The competition is against time, rather than a personal competitor. Spectators are permitted on the premises and are charged admission fees. Vehicles of spectators are parked on the premises." It was further stipulated that the plaintiffs conducted drag races on said property during the years 1954, 1955,

and until about September 1, 1956, when they were notified to desist. Most of their operations had been on Sundays, but occasionally races would be conducted on holidays. Plaintiffs prior to August 3, 1956, had not applied for a business permit. The request filed on that date was refused. They did not apply for a special permit to operate an amusement on Sunday until August 15, 1956, and no special permit has ever been granted. Under the provisions of the Zoning Resolution of Fulton County of 1946, plaintiffs' property in question was zoned C-2 (Commercial), and a drag race is permissible in a C-2 Classification. The zoning resolution adopted March 11, 1955, classified the property Ag-1 (Agricultural). A drag race is not permitted under this classification. The case was submitted to the trial judge to decide all questions of law and fact based upon the above stipulations. The application for mandamus absolute was denied. The exception here is to that judgment. *Held:*

Where, as here, a rezoning ordinance provides, "any nonconforming use of land existing on the effective date of this resolution may be continued provided, however, that no such nonconforming use of land shall in any way be extended, either on the same or adjoining property," it is incumbent upon one seeking to use the property for a non-conforming use after the rezoning ordinance to show that his prior use of the property was legal and not unlawful. 62 C. J. S. 497, § 226, and 117 A. L. R. 1140. In order to authorize the grant of a mandamus absolute, plaintiff must show a clear legal right and that the mandamus will be effective. Code §§ 64-101, 64-106. Under the stipulations entered into in the instant case, the plaintiffs would not have a legal right to operate a drag race on the property in question unless this right had been established by a prior non-conforming use. It is admitted that the property in question had been used for the purpose of operating a drag race prior to the adoption of the rezoning resolutions on March 11, 1955. However, in order to operate a drag race legally on Sunday, it was and is necessary to obtain a special permit, and it is a misdemeanor to operate such races on Sunday without the special permit. Ga. L. 1949, p. 1007; *Worley* v. *State,* 79 *Ga. App.* 594 (54 S. E. 2d 439). It is conceded that no such permit was ever obtained. The Sunday operation was, therefore, unlawful. No license or permit was obtained to operate the drag races on holidays other than Sundays. This

operation was, therefore, likewise unlawful. Ga. L. 1947, p. 1773. It follows, therefore, that the only non-conforming use of the property prior to March 11, 1955, was an unlawful and illegal use of the property and was a misdemeanor. Certainly this state of facts can not authorize the grant of a mandamus absolute, but is sufficient to authorize the denial of the mandamus regardless of the other questions raised by the plaintiffs in error. It follows, the judgment of the court below was not error.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 16, 1956—DECIDED JANUARY 15, 1957—REHEARINGS DENIED FEBRUARY 13, 1957 AND FEBRUARY 25, 1957.

*A. Tate Conyers,* for plaintiffs in error.
*Harold Sheats, Paul Anderson, Neal Baird,* contra.