22778. PLAZA LIQUOR STORE, INC. v. CITY OF ATLANTA.

Argued January 12, 1965—Decided February 4, 1965.

*Robert L. Mitchell*, for plaintiff in error.
*Henry L. Bowden, Martin McFarland, Thomas F. Choyce*, contra.

GRICE, Justice. The petition of a corporate liquor store, seeking to enjoin a city from interfering with the use of its property for liquor store purposes was held subject to the city's general demurrers and was dismissed, thus bringing about this review. Plaza Liquor Store, Inc., filed such petition against the City of Atlanta' in the Superior Court of Fulton County.

Count 1, insofar as material here, made the following allegations. The plaintiff owns real estate which has been zoned and used for the past six years as a retail liquor store. The defendant city in March 1964 enacted an ordinance, copy attached, purporting to zone certain real estate as "Package Store Areas," which, under such ordinance, are the only places where retail liquors may be sold. Although the plaintiff existed on the effective date of the ordinance and met all criteria established thereby, it was not included in the package store areas provided by the ordinance. Also, the city refuses to treat plaintiff as a non-conforming use under such ordinance and will not permit it to sell or lease its premises for the sale of retail liquors because it was not included in such package store areas. The city, by its enactment and interpretation of said ordinance, is interfering with plaintiff's use of its property and is diminishing its value in specified amounts.

The plaintiff has suffered and will continue to suffer irreparable injury unless the city is enjoined and unless designated sections of the ordinance are declared null and void. The city enacted such ordinance without providing the plaintiff any notice or opportunity to be heard, in violation of the due process clauses of the State and Federal Constitutions and without complying with the requirements of two State zoning statutes (Ga. L. 1946, p. 191; Ga. L. 1957, p. 420). The city, by enacting this ordinance, is attempting to zone and alter the use of plaintiff's premises without authority of law.

The prayers included injunctive relief against the illegal zoning of plaintiff's property so as to prohibit the retail sale of liquors thereon and against interference with plaintiff's right to lease its premises for such purpose; declaration that specified provisions of the ordinance are null and void; and restoration of plaintiff's property to its prior zoning status.

Count 2 adopted the allegations of count 1 as to plaintiff's property, the city's enactment of the 1964 ordinance, the omission of plaintiff from the package store areas of such ordinance, the city's refusal to treat plaintiff as a non-conforming use or to allow it to sell or lease its premises for liquor store purposes, the city's continued interference with plaintiff's use of its own property, the diminishing value of its property due to such interference and the need for injunctive relief. In addition, count 2 alleged that the use of the plaintiff's property for retail liquor sales should be permitted to continue as a non-conforming use under such ordinance, but the city arbitrarily and illegally refuses to do so; and that in September 1963 the State Revenue Commissioner revoked the plaintiff's retail liquor license and since that time the plaintiff has not been licensed to conduct a retail liquor store on its premises. The prayers of this count included injunctive relief against the city's interference with the sale or lease of the plaintiff's property for use as a retail liquor store.

■ As we construe it, count 1 asserts that the ordinance, particularly sections 1, 2, 3, 4, 37, 53, 54 and 59, is void because the city failed to comply with the requirements of two State statutes pertaining to the zoning of property (Ga. L. 1946, p. 191; Ga. L. 1957, p. 420). However, zoning statutes are not applicable here.

What is applicable is the authority given the municipalities of this State to regulate the retail sale of liquor within their boundaries.

The Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors (Ga. L. 1937-38, Ex. Sess., p. 103) provides as follows: "Nothing in this Act shall be construed as preventing any municipality or county from adopting all reasonable rules and regulations as may fall within the police powers of such municipalities or counties to regulate any business provided for in this Act. All municipal and county authorities issuing licenses shall within their respective jurisdiction have authority to determine the location of any distillery, wholesale business, or retail business licensed by them." § 9(c), p. 111; *Code Ann.* § 58-1028.

618

The charter of the City of Atlanta gives the city "full power and authority to pass all by-laws and ordinances respecting . . . and every other by-law, regulation and ordinance that may seem to them proper for the security, for the peace, health, order and good government of said city." Ga. L. 1874, pp. 116, 119, § 15.

It was in accordance with this authority, granted the city in its charter and reaffirmed by the Revenue Tax Act, that the City of Atlanta enacted the 1964 ordinance, entitled "An ordinance to regulate the licensing and control of retail dealers in spirituous liquors; collection of revenues therefrom; and for other purposes."

This ordinance is not invalid for any reason assigned. Each provision is germane to and in furtherance of the regulation of the liquor business and the determination of the location of retail liquor stores within the city. As to the sections specifically attacked, section 1 states as the purpose of the ordinance the regulation and control of the licensing and sale of spirituous liquors so as to promote the health and general welfare of the community; sections 2, 3, 4 and 37 restrict licensing to the package store areas established thereby or subsequently changed and provide the procedure for such change; section 53 permits the continuance of existing stores outside the package store areas as a non-conforming use; section 54 restricts the granting of licenses in the package store areas to those locations zoned as commercial or industrial under the zoning laws of the city; and section 59 prohibits successive license applications except those emanating from package store areas.

The allegations of this count do not show that the plaintiff was denied due process.

Since this count did not state a cause of action for any of the relief sought, the general demurrer addressed to it was properly sustained.

■ Count 2 is based upon the plaintiff's contention that the use of its premises for retail liquor sales should be permitted to continue as a non-conforming use under the ordinance.

It bases this claim upon section 53, which provides that "Where [a] retail liquor store exists on the effective date of this ordinance [March 23, 1964] in an area outside of a package

store area, the same may be continued as a non-conforming use of such an area . . ."

However, the plaintiff failed to qualify for this use. It alleged that in September 1963 the State Revenue Commissioner *revoked* its retail liquor license and that "since that time plaintiff corporation has not been licensed to conduct a retail liquor store . . ." on its premises. Since it had no license, and thus could not make sales to the public, the plaintiff was not an existing retail liquor store on the effective date of the ordinance and therefore does not come within the terms of section 53 as to permissible non-conforming use. Compare *Troutman v. Aiken*, 213 Ga. 55, 56 (96 SE2d 585).

The trial court properly sustained the general demurrer to this count.

Since the dismissal of the petition upon these demurrers was correct, the judgment is

*Affirmed. All the Justices concur.*