## 45831. RAINWATER v. COWETA COUNTY BOARD OF ZONING APPEALS.

QUILLIAN, Judge. James W. Rainwater (hereinafter referred to as appellant) appealed to the Coweta Superior Court from a decision of the Coweta County Board of Zoning Appeals (hereinafter referred to as appellee) in which they refused to grant him a permit for the continuance of a mobile home park which he contends was established before the passage of a certain zoning resolution. The case arises out of the following facts. In 1961, the appellant acquired the tract of land in question. On December 3, 1969, the Board of Commissioners of Coweta County adopted a zoning ordinance which zoned the property herein

involved to R-1, such zoning not permitting the utilization of mobile home parks. According to the appellant's testimony, he had been planning to develop 24 acres of his tract as a trailer park. In November 1969, the appellee employed heavy machine operators and leased certain tractors, a scraper and a bulldozer to clear the land; he put in a culvert and road through the land besides clearing certain portions thereof. On November 29, 1969, he entered into a contract for the construction of a well; however, the well was not drilled until either the 7th or 9th of December. The appellant also obtained some underground electric switches at a cost of $97 each, but when his zoning permit was denied he returned the switches. On the trial there was testimony as to the cost the appellant incurred on various activities on the land. Work was continued after December 3, 1969, but was stopped when the appellant attempted to get a permit for a septic tank. The trial judge directed a verdict in favor of the appellee. The appellant comes to this court from the judgment which affirmed the judgment of the Coweta County Board of Zoning Appeals. *Held:*

Section 141 of the zoning ordinance provides: *"Non-conforming Uses Permitted.* The lawful use of any building or lot existing at the time of the enactment of this Resolution may be continued although such use does not conform to the provisions of this Resolution." Under the definitions section it states: "The word 'used or occupied,' as applied to any land or building, shall be construed to include the words 'intended, arranged, or designated to be used or occupied.'" The question here is whether the appellant's actions were sufficient to constitute a nonconforming use within the meaning of the statute so that such use could be continued even though it would not conform to the provisions of the zoning ordinance.

It is generally accepted that a structure in the course of construction at the time of the enactment of an ordinance is protected as a nonconforming use; however, as appellee points out, mere preliminary work not of a substantial nature does not constitute a nonconforming use; neither does a use which is. merely contemplated for the future but unrealized as of the effective date of the regulation. 101 CJS 942, 943, Zoning, §§ 185, 186,

and 58 AmJur 1022, Zoning, § 149. In making our determination, we are bound by the recent ruling of the Supreme Court in *Craig v. City of Lilburn,* 226 Ga. 679 (177 SE2d 75) (two justices dissenting). In that case, the court held: "By their expenditure of substantial time, effort and money on the development of their property as a trailer park, appellants acquired a vested property right in such then-legal use which could not be divested by the appellee city's subsequently enacted regulations, which could not operate retroactively."

Ordinarily, "every law must be given an interpretation, if its terms will permit, that renders it valid rather than invalid." *Hill v. Busbia,* 217 Ga. 781, 782 (125 SE2d 34). See *Forrester v. Culpepper,* 194 Ga. 744, 749 (22 SE2d 595); *Horras v. Williams,* 219 Ga. 115, 118 (132 SE2d 68). Thus, in our construction of the zoning ordinance, a substantial expenditure of time, effort and money by the appellant in the proposed use of the property would be sufficient to constitute a nonconforming use. There being some evidence of such expenditures by the appellant, the question as to whether there was a nonconforming use was for the jury and the trial judge erred in directing a verdict for the appellee.

> *Judgment reversed. Jordan, P. J., and Evans, J., concur.*
> Argued January 7, 1971—Decided March 16, 1971.

*Millard C. Farmer, Jr.,* for appellant.

*Sanders, Mottola, Haugen, Wood & Goodson, Charles Van S. Mottola,* for appellee.