S91A0319. INNER VISIONS, LTD. et al. v.
CITY OF SMYRNA et al.
(400 SE2d 915)

WELTNER, Justice.

Property owners applied to the city for a business license authorizing (on property zoned for general commercial purposes) the retail sale of non-alcoholic drinks and live entertainment.[1] The city told the owners that their application was rejected because the building located on their property did not comply with the city's building code. The owners brought this action for mandamus and injunction.[2] The trial court denied relief, and the owners appeal.

1. In *Gifford-Hill & Co. v. Harrison,* 229 Ga. 260, 265 (191 SE2d 85) (1972), we held:

> In this State when land is zoned for a particular use, and an applicant properly applies for authorization to use the land for that particular use, he is entitled to have such authorization issued; an applicant must thereafter comply with all reasonable conditions and requirements imposed upon the use of the land, and if he fails to do so the governing authority can withhold building permits and occupancy per-

---

[1] The uses sought by the owners come within one or more of the permissible uses under the general commercial zoning classification: assembly halls, clubs and lodgings catering exclusively to members and guests, cultural facilities, indoor theaters, dance studios, and cabaret dancing.

[2] In *City of Atlanta v. Wansley Moving &c. Co.,* 245 Ga. 794, 795 (1) (267 SE2d 234) (1980), we stated:
Judicial review of the denial of conditional use permits . . . traditionally [has] been by way of mandamus, regardless of whether the conditions were fixed in the ordinance or were left to the discretion of the governmental body in reviewing the application. [Cits.]

mits to enforce compliance with these regulations and conditions subsequent; but a governing authority cannot deny or postpone requested authorization to use the land for a permitted use and then defeat the applicant's right by thereafter rezoning the land.

2. The owners had the right to have their application for a license considered under the terms of the ordinance as it existed at the time that the application was filed. If the condition of the building did not comply with the city's building code, the owners would have been entitled to the issuance of a license contingent upon compliance.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 21, 1991 —
RECONSIDERATION DENIED MARCH 15, 1991.

*James R. Osborne,* for appellants.
*Cochran, Camp & Snipes, Charles E. Camp, D. Michael Williams, R. Michael Whaley,* for appellees.