A92A2223. CITY OF HAMPTON et al. v. BRISCOE.
A92A2234. BRISCOE v. CITY OF HAMPTON.
(428 SE2d 411)

ANDREWS, Judge.

We granted the City of Hampton's application for leave to appeal the partial denial of its motion for summary judgment in plaintiff Briscoe's action against it for inverse condemnation. The City of Hampton appealed in Case Nos. A92A2223 and A92A2234 is Briscoe's cross-appeal.

The lawsuit arose from the following facts. Briscoe owns property in Hampton, Georgia. The property is located in a light manufacturing (M-1) zoning district. On August 18, 1989, Briscoe requested the issuance of a business license from the Hampton city clerk for a gen-

eral merchandise auction on the property. He was advised that a business license could not be issued because of the fact that the use was not permitted in an M-1 district.

Nevertheless, Briscoe attended a city council meeting on September 12, 1989, and requested the council to issue the license. The city council voted to issue the license at that meeting. The minutes of the meeting during which the permission for the license was granted are attached as an exhibit to plaintiff's complaint. They show that during this meeting, the council concluded that "an auction would be determined to be similar and compatible with business [sic] allowed in a M-1 zoning."

In November 1989, Briscoe appeared again before the city council to have an additional license issued to expand the hours of the business and to include an outdoor automobile auction as part of the business. The minutes from this meeting are also included in the record, which show that the council voted unanimously not to reissue a 1990 license for his business.

The city council, realizing that Briscoe's intended use was not permitted in the light manufacturing district and that the previous license he received had been issued in error, denied his application. The council further advised Briscoe that the first license would not be reissued when it expired at the end of 1989, though he would be reissued a license if he applied for one and had the property zoned appropriately. These facts are set forth in the affidavit of the mayor, attached to the defendants' motion for summary judgment. Also attached to this affidavit is a letter dated December 21, 1989 to Briscoe which states that he was informed at that meeting that his license would be revoked December 31, 1989, although if "the zoning of the property was brought into conformity with the business activity you desire to conduct on the property, the business licenses would be reissued to you for the year 1990." The letter also informed Briscoe that he "must re-apply for licenses for the businesses he desires to conduct on his property for the year 1990." In Briscoe's deposition, he admitted that he did not have the property rezoned, based on his opinion that the property was more valuable as a manufacturing property than as a commercial one.

On April 17, 1990, Briscoe filed this lawsuit for inverse condemnation against the City of Hampton, the mayor, and various city council members, alleging that he had obtained a vested right in the business license and that the City's refusal to reissue the license or compensate him for the expenses and improvements to his property which he made in reliance upon the license amounted to a taking without just compensation.

The City answered and filed a motion for summary judgment in which it argued that because the use to which Briscoe had put his

property was improper under the zoning ordinance, the license was invalid and therefore no vested rights attached to it. The trial court granted the City's motion and ruled that Briscoe had no vested property interest resulting from the issuance of the license. Nevertheless, the trial court determined that questions of fact remained as to whether Briscoe was entitled to recover expenses incurred in reliance on the issuance of the license. The City filed its application for interlocutory appeal with respect to the aspect of its motion for summary judgment which was denied, which we granted.

Here, the City argues that the trial court erred in ruling that a question of fact existed as to whether Briscoe was entitled to recover damages incurred in reliance upon a business license, when the license was invalid, the use was not permitted under the zoning ordinance and no vested rights attached to the invalid license. The City argues that reliance damages are inseparable from vested rights and that Briscoe cannot recover damages since he had no vested rights to begin with. Conversely, in his cross-appeal, Briscoe argues that the trial court erred in holding that he did not acquire a vested property right in his business license and he is entitled to reliance damages.

We agree with the City's argument that in order to recover damages here, Briscoe must show both a valid license and reliance on that license. In other words, Briscoe cannot recover damages if he had no vested right in the first place. Our determination thus becomes whether the license was valid, so as to confer vested rights, or void, in which case no damages are recoverable.

First, the fact that this case involves the issuance of a business license, not a building *permit*, indicates that Briscoe's arguments are weaker than if he were arguing over the rights a permit conferred on him. In *Cobb County v. Peavy*, 248 Ga. 870, 872 (1) (a) (286 SE2d 732) (1982), though not clearly articulating what rights do vest in a holder of a business license, the Supreme Court differentiated between a business license and a building permit. " '[A] building permit,' ([cit.]) will create a vested right in the existing zoning ordinances. . . . In contrast, a business license is typically not a device for ensuring compliance with zoning ordinances. 'Although the general aim of both zoning and licensing regulations is the promotion of the general welfare, each is independent of the other and seeks to accomplish its purpose by a different means. The fact that a zoning ordinance permits a use in a particular district does not authorize the use there without a license. On the other hand, a license or permit does not authorize a use in violation of zoning laws. In other words, a license or permit does not relieve one from complying with a zoning ordinance, and this generally is true of a state license or permit.' [Cit.] The license appellee obtained from the Cobb County Department of Revenue Collections was clearly not intended to serve a zon-

ing compliance function. Accordingly, we conclude that appellee did not acquire vested rights under the prior zoning ordinance by virtue of her procurement of a business license. Cf. *Clark v. International Horizons*, 243 Ga. 63 (252 SE2d 488) (1979)." See also *WMM Properties v. Cobb County*, 255 Ga. 436, 438 (1) (a) (339 SE2d 252) (1986).

Here, the City argues that even under standards applicable to permits, the prior issuance of the license did not confer any rights on Briscoe. The City contends that the license was invalid in the first place and that while a validly issued permit confers vested rights, see generally *Schulman v. Fulton County*, 249 Ga. 852 (295 SE2d 102) (1982), no such rights are conferred by an *invalidly* issued permit. "A permit issued for a use or structure which is forbidden by the ordinance is beyond the power of the officer to issue; consequently, it has no legal status, is invalid, and is itself entirely without power to clothe its holder with any legal rights thereunder." (Citations and punctuation omitted.) *Corey Outdoor Advertising v. Bd. of Zoning*, 254 Ga. 221, 225 (4) (327 SE2d 178) (1985). "The expenditure of even substantial sums in reliance upon a permit found to be void is generally held not to raise an estoppel against its revocation or against enforcement of the ordinance found to be violated by the use or structures maintained pursuant to the permit." (Citations and punctuation omitted.) *Corey*, supra at 226; see also *Matheson v. DeKalb County*, 257 Ga. 48 (3) (354 SE2d 121) (1987). "Where a permit is issued by a governing body in violation of an ordinance, even under a mistake of fact, it is void, and its holder does not acquire any rights; even a substantial expenditure in reliance on a void permit does not raise an estoppel." Id. at 49.

Here, the City argues that Briscoe's business license of September 1989 was invalid for two reasons. First, citing *Southeast Grading v. City of Atlanta*, 172 Ga. App. 798, 800 (324 SE2d 776) (1984), and *City of Atlanta v. Bull*, 161 Ga. App. 648 (288 SE2d 335) (1982), the City contends that under the applicable city ordinance only the city clerk had the authority to issue the license and that the issuance of the license by the council was improper. Secondly, the City argues that the business license was invalid because Briscoe's property was zoned for light manufacturing, and an auction business was required to be in a commercial district.

The record before us contains a copy of the city ordinance which provides that no new license may be issued for any business not in full compliance with zoning laws. The ordinance also provides that only the city clerk has the authority to issue a business license. The zoning ordinance, also in the record, provides that unless a use is specifically listed in a particular zoning district, the use is prohibited. An auction business is listed as a commercial use, and is not on the list of uses permitted in M-1 zones. For this use to be permitted on Briscoe's

property it would need to be zoned C-2. Accordingly, it appears that the City's arguments regarding the invalidity of the license in the first place are proper.

Briscoe argues that *City of Summerville v. Ga. Power Co.*, 205 Ga. 843 (55 SE2d 540) (1949), and *Barker v. Forsyth County*, 248 Ga. 73 (281 SE2d 549) (1981), support his theory. He contends that the zoning ordinance was adopted on the same day as his first business license was issued and that therefore his license was not in violation of the zoning ordinance and was valid. Furthermore, he contends that the council's finding at the September meeting that his auction use was "similar and compatible with businesses presently allowed in the area," prevents a finding that his license was invalid. Finally, he cites *Harris v. Entertainment Systems*, 259 Ga. 701 (386 SE2d 140) (1989), and contends that once his license was issued, he obtained a property interest in it, which appellants could not take without due process.

We find Briscoe's arguments unavailing. Here, because there is no evidence that the council was permitted to issue the license and because Briscoe's use did not comply with the zoning ordinance, it appears that the business license was invalid from its inception. Contrary to Briscoe's assertions, we find no violation of his due process rights and find that the refusal to reissue his business license was proper. We further note that the fact that Briscoe did not apply for rezoning and reapply for a license renders his arguments less compelling in that he has not been forbidden from obtaining a license, should he apply for different zoning.

We conclude that Briscoe did not acquire any vested rights pursuant to his business license and find that summary judgment was properly granted with respect to that aspect of his claim. Because Briscoe had no vested rights, he could not recover damages and the trial court erred in determining that an issue of fact remained regarding that aspect of the case; and the City of Hampton was entitled to the entry of summary judgment.

*Judgment affirmed in Case No. A92A2234; reversed in Case No. A92A2223. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 24, 1993.

*Jenkins & Eells, Frank E. Jenkins III, Kirk R. Fjelstul, Smith, Welch & Studdard, A. J. Welch, Jr.,* for City of Hampton.
*William H. Turner, Jr.,* for Briscoe.