A96A1743. SIMMONS v. DEPARTMENT OF TRANSPORTATION.
(484 SE2d 332)

Judge Harold R. Banke.

In this condemnation case, Bruce Simmons contends that the Georgia Department of Transportation ("DOT") failed to provide him with just and fair compensation for the DOT's partial taking of his property condemned for a highway project. Following a mistrial, the trial court granted judgment in favor of the DOT. Simmons appeals.

Simmons purchased 4.0 acres of land in Banks County in 1969. In 1980, Simmons began a trucking business, Kayton Express, on his land, eventually operating seven tractor trailers for hauling frozen poultry. Simmons used about two acres for the trucking business and the remaining acreage for a residence and a buffer from the business. Simmons made numerous improvements including installation of a doublewide mobile home as an office, two separate septic systems, 10,000 feet of gravel and multiple loads of dirt for roads, and two other buildings for storage, maintenance and repairs. The portion of the land the DOT condemned included most of Simmons' improvements: the business office, septic tanks, outbuildings, and graded areas.

When Simmons began operating his trucking business in 1980, Banks County ("County") had no requirement that he obtain a business license. In 1981, the County enacted a business license resolution requiring all persons, firms, and corporations maintaining a place of business in any area of Banks County to procure a county business license.[1] Simmons testified that he was unaware of the license requirement and applied for and obtained a license the day after he learned he needed one, in July 1994. The County also issued Simmons a business license for 1995. It is undisputed that at the time that the DOT declared a partial taking against 1.7 acres of the

---

[1] Initially, license fees varied from $10 to $25 per year depending on a business's number of full time employees.

4.0 tract on March 30, 1995, Simmons had a County business license for his trucking operation.

About 11 years after Simmons had been operating his trucking business, the County enacted its first zoning ordinance which zoned Simmons' land as residential/agricultural. Section 404.1 of the newly enacted zoning ordinance contained a "grandfather" clause permitting existing nonconforming uses provided that the "use was at that time, in full compliance with all applicable federal, state and local laws, rules and regulations, and for which use all required federal, state or local permits or authorizations were then, and continue to be, in existence. . . ."

Simmons testified that he always paid the County ad valorem taxes and registered his trucks with the County tax office. It is undisputed, however, that Simmons was not in compliance with the County's business license requirement on the date that the zoning ordinance became effective.

After the DOT condemned part of his land, Simmons unsuccessfully petitioned to have the remainder of his property rezoned for commercial purposes so that he could continue to operate his business. The County Commission denied Simmons' petition to rezone the remaining acreage and, in fact, a County official ordered him to move the business off his property. Two of the three commissioners testified that they voted to deny Simmons' rezoning application because the remaining tract was not large enough for the trucking operation and the buffer protecting neighboring residences had been eliminated.

Notwithstanding the dissent's inference to the contrary, the commissioners' refusal to rezone Simmons' property did not occur until after the DOT had condemned the acreage closest to the highway, forcing Simmons to destroy the buffer and relocate his business in a smaller area nearer to his neighbors. In relocating, Simmons created a new use on the portion of his property not previously used for the trucking business. Simmons could not assert a vested property right to a new proposed use. See *Rainwater v. Coweta County Bd. of Zoning Appeals*, 123 Ga. App. 467, 468 (181 SE2d 540) (1971).

Simmons testified that he contacted local real estate agents and had been unable to find suitable and affordable property for his business in Banks or Franklin counties. He and his wife testified that the DOT had been unsuccessful in locating any comparable tracts in the County and that the three alternative tracts which the DOT located elsewhere did not appear feasible for a trucking operation or at $60,000 plus per acre were not affordable. Simmons' expert appraiser testified that Simmons' damages arising from the condemnation were $289,776. At the close of Simmons' case, the DOT moved to strike the expert's appraisal contending that it was premised on the

mistaken belief that Simmons had a legal, nonconforming use. The DOT contended that because Simmons did not have a business license at the time the Banks County Commission enacted the zoning ordinance, Simmons never had a legal, nonconforming use and his business was not "grandfathered" under the zoning ordinance. The DOT further argued that the legal effect of the lack of "grandfathering" was to restrict the fair market value of Simmons' property to only residential/agricultural use, for which the DOT offered Simmons $31,400. After the jury deadlocked, the trial court granted the DOT's motion for judgment notwithstanding the mistrial. *Held*:

Simmons' sole enumeration of error is that the trial court erred in granting the DOT's motion for judgment notwithstanding the mistrial because he had a legal, nonconforming use of his property for which he was not fairly and adequately compensated. We agree.

The enforcement of its zoning ordinance is an obligation of the County and the County had the right to take whatever action it deemed appropriate within the law. Moreover, "the violation of a provision of a regulatory ordinance does not necessarily destroy the lawfulness of the basic use where compliance with the regulations can be had on demand and where such compliance actually follows. . . ." (Footnote omitted.) Corpus Juris Secundum, Zoning & Land Planning, § 164, Unlawful Use. Inasmuch as the County issued Simmons a license, he was operating his business with the County's knowledge and approval. In fact, County Commission Chairman Patterson, whose office was in charge of business licenses, testified that even before 1994, he was aware that Simmons was operating a business on the site. Chairman Patterson's signature appears on both the 1994 and 1995 business licenses. Consistent with due process, the County had the power to set appropriate standards and to balance public and private interests in determining whether to require rezoning, grant a variance, or grandfather Simmons' use. OCGA § 36-66-2. Similarly, it is the County's right to determine whether to issue a business license without granting a variance or rezoning the land. OCGA § 36-66-5 (b).

The DOT failed to show that it had standing to contest the County's decisions made in prior years to issue the business license to Simmons and to permit Simmons' continued use of the property without a variance or rezoning. See *Sneakers of Cobb County v. Cobb County*, 265 Ga. 410 (2) (455 SE2d 834) (1995).

Moreover, the authority the DOT offers is readily distinguishable. The linchpin of the DOT's argument is *Troutman v. Aiken*, 213 Ga. 55, 56 (96 SE2d 585) (1957). But the business at issue at the time of rezoning in *Troutman* had no business permit and was an illegal nonconforming use, operation of a drag strip without a special permit, a misdemeanor offense.

Similarly, the DOT's reliance on *Plaza Liquor Store v. City of Atlanta*, 220 Ga. 615, 618 (2) (140 SE2d 868) (1965) is misplaced. The business at issue was an unlawful retail liquor store whose license had been revoked by the State Revenue Commissioner about six months before the adoption of the zoning ordinance. That business could not legally make sales to the public and was not a lawful business when the zoning became effective. Id. at 619. See *Ralston Purina Co. v. Acrey*, 220 Ga. 788 (142 SE2d 66) (1965) (nonconforming use begun after enactment of zoning ordinance not protected).

Here, the testimony of the County commissioners makes clear that the County had no objection to the operation of Simmons' business on the 4.0 acres and that no problem arose until Simmons· attempted to operate on fewer acres and attempted a new use on the remaining land. The DOT presented no evidence that the County issued the business license by mistake or that the nature of Simmons' business was inherently illegal. Compare *Corey Outdoor Advertising v. Bd. of Zoning Adjustment &c.*, 254 Ga. 221, 223 (3) (327 SE2d 178) (1985) (permit mistakenly issued not valid where billboard's placement violated city ordinance); see *Plaza Liquor Store*, 220 Ga. 618 (2); *Troutman*, 213 Ga. at 56.

Simmons expended substantial time, effort and money on developing his property for his trucking business. See, e.g., *Craig v. City of Lilburn*, 226 Ga. 679 (177 SE2d 75) (1970); *Rainwater*, 123 Ga. App. at 469. At the time of the DOT's taking, Simmons had a valid business license, not issued by mistake. Compare *Corey*, 254 Ga. at 223 (3). Had the DOT not acquired part of his land, the evidence shows that Simmons would likely still be operating a trucking business in a legal, nonconforming manner. See *Fayette County v. Seagraves*, 245 Ga. 196 (264 SE2d 13) (1980).

The dissent fails to offer any authority requiring a different result. Notwithstanding the dissent's contention to the contrary, *City of Hampton v. Briscoe*, 207 Ga. App. 501 (428 SE2d 411) (1993) is readily distinguishable. In that case, the Hampton city clerk, who had the sole authority to issue business licenses, denied Briscoe's request for a license. Briscoe then circumvented the city clerk by seeking and obtaining a business license from the city council who lacked the authority to grant such licenses. Id. at 503. Indisputably, unlike here, Briscoe never had a validly issued license. Further, many of the cases relied upon by the dissent are at best only remotely related to business licensing or rezoning. See, e.g., *Recycle & Recover v. Ga. Bd. of Natural Resources*, 266 Ga. 253 (466 SE2d 197) (1996); *City of Atlanta v. Black*, 265 Ga. 425 (457 SE2d 551) (1995); *Hayes v. Howell*, 251 Ga. 580 (308 SE2d 170) (1983).

Simmons was constitutionally entitled to "just and adequate" compensation for the value of his property on the date of taking

including consequential damages to his business and expenses for relocation. OCGA § 22-1-5; *Bowers v. Fulton County*, 221 Ga. 731, 739 (2) (146 SE2d 884) (1966). Simmons did not receive just compensation because his land was not being used for agricultural/residential purposes and his compensation was erroneously calculated in that manner. Because the trucking business at issue was a legal, nonconforming use for which Simmons was not adequately compensated, we reverse. OCGA § 22-2-63; *Bowers*, 221 Ga. at 738 (2); *Old South Bottle Shop v. Dept. of Transp.*, 175 Ga. App. 295 (1) (333 SE2d 127) (1985).

*Judgment reversed and remanded. McMurray, P. J., Birdsong, P. J., Beasley, Johnson, Blackburn, Smith and Ruffin, JJ., concur. Andrews, C. J., dissents.*

ANDREWS, Chief Judge, dissenting.

Because I believe the superior court was correct in concluding, as argued by the Department of Transportation, that the use of Simmons' property for a trucking business was a nonconforming use under the zoning ordinance, thereby restricting his recovery for condemnation of a portion of that property to fair market value based upon residential/agricultural use, I must respectfully dissent.

The primary issue in a condemnation case is "[t]he fair market value of the property or interest taken or other evidence of just and adequate compensation." OCGA § 32-3-16. The factors to be used in making this evaluation are not restricted to the agricultural or productive qualities of the land, "but inquiry shall be made as to all other *legitimate* purposes to which the land could be appropriated." (Emphasis supplied.) OCGA § 22-2-109 (a).

The relevant point of inquiry is the status of Simmons' property in 1991 when the zoning ordinance was enacted because, if the trucking business was not grandfathered in under the nonconforming use provision, then, as a matter of law, such use could not be considered in determining "legitimate" uses of the property. See *Dept. of Transp. v. Brooks*, 153 Ga. App. 386, 389 (2) (265 SE2d 610) (1980). As acknowledged by the majority, Simmons had not obtained a business license from the county at the time the zoning ordinance was enacted in 1991 and did not obtain one until 1994. In 1994, the use of his property for the business covered by the license was in violation of the zoning ordinance, and the zoning board refused to change the zoning of his property after the initiation of the condemnation proceeding.

In order to be grandfathered in under the zoning ordinance, and therefore have a compensable right in that business use, the nonconforming use must have been, "*at that time*, in full compliance with all applicable federal, state and local laws, rules and regulations, and

for which use *all required federal, state or local permits or authorizations were then,* and continue to be, in existence." (Emphasis supplied.)

"The term 'vested rights' means ' "interests which it is proper for (the) state to recognize and protect and of which (the) individual cannot be deprived arbitrarily without injustice." (Cits.)' *Hayes v. Howell,* [251 Ga. 580,] 584 (2) (b) [(308 SE2d 170) (1983)]." *Recycle & Recover v. Ga. Bd. of Nat. Resources,* 266 Ga. 253, 254 (2) (466 SE2d 197) (1996). To say that Simmons has a vested right in the use of his property as a trucking business solely because he had a business license (for a business which violated the zoning ordinance) for less than a year before the filing of the Declaration of Taking overlooks the many cases dealing with the issue of government estoppel, although that appears to be the theory relied upon by the majority for its conclusion.

The issuance by the county of a business license "in violation of existing zoning or regulatory laws is considered an ultra vires act and vests no one's rights. *Corey Outdoor Advertising v. Bd. of Zoning, &c. of Atlanta,* 254 Ga. 221 (3) (327 SE2d 178) (1985)." *Jackson v. Delk,* 257 Ga. 541, 543 (4) (a) (361 SE2d 370) (1987). See *Plaza Liquor Store v. City of Atlanta,* 220 Ga. 615, 618 (2) (140 SE2d 868) (1965). The public may not be estopped by acts of an officer done in the exercise of an unconferred power. *City of Atlanta v. Black,* 265 Ga. 425, 426 (457 SE2d 551) (1995).

This situation is factually similar to *City of Hampton v. Briscoe,* 207 Ga. App. 501 (428 SE2d 411) (1993). There, Briscoe sought inverse condemnation against the city contending that, because he was issued a license for an auction business although that business was in violation of applicable zoning, he had been denied just compensation for the loss of the business. We concluded that Briscoe could not recover if he had no "vested right" in the first place.

While a building *permit* may create a vested right in the existing zoning ordinances, " 'a business license is typically not a device for ensuring compliance with zoning ordinances. "Although the general aim of both zoning and licensing regulations is the promotion of the general welfare, each is independent of the other and seeks to accomplish its purpose by a different means. The fact that a zoning ordinance permits a use in a particular district does not authorize the use there without a license. On the other hand, a license or permit does not authorize a use in violation of zoning laws. In other words, a license or permit does not relieve one from complying with a zoning ordinance. . . ." ' " Id. at 503.

Further, to say, as does the majority, that the DOT lacks "standing" to argue the validity of the zoning action overlooks the obvious. First, the DOT is not attempting to contest zoning action, as in

*Sneakers of Cobb County v. Cobb County,* 265 Ga. 410 (2) (455 SE2d 834) (1995), where the property owner had been dispossessed of the property and therefore had no standing to contest the zoning. Second, the sole issue here is the worth of the property or vested right therein, to which zoning is relevant and admissible.

Therefore, I would affirm the trial court's judgment since Simmons could show no valid nonconforming use to entitle him to compensation for his improperly operated business.

DECIDED MARCH 18, 1997 —

*David C. Jones, Jr.,* for appellant.

*Michael J. Bowers, Attorney General, McClure, Ramsay & Dickerson, Luther H. Beck, Jr.,* for appellee.