[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 6, 2007
THOMAS K. KAHN
CLERK

No. 06-16053
Non-Argument Calendar
_____

D. C. Docket No. 02-00094-CV-1

AUGUSTA VIDEO, INC.,
a Georgia Corporation,

                                                      Plaintiff-Appellant,

versus

AUGUSTA-RICHMOND COUNTY, GA,
a political subdivision of the State of Georgia,
AUGUSTA-RICHMOND COUNTY COMMISSION,

                                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 6, 2007)

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

This case arises from Augusta Video, Inc.'s ("Augusta Video's") challenge to the zoning and licensing scheme for adult businesses in Augusta, Georgia. The district court denied Augusta Video's motion for a third preliminary injunction and granted summary judgment in favor of Augusta-Richmond County, Georgia ("the City") and the Augusta-Richmond County Commission ("the County Commission"). On appeal, Augusta Video argues that its use as an adult business is grandfathered as a legal nonconforming use because it applied to do business at a time when the City's zoning and licensing ordinances were unconstitutional. Further, Augusta Video argues that the current zoning and licensing ordinances are unconstitutional because they do not provide sufficient alternative avenues of communication for adult businesses, and because they impose an unconstitutional prior restraint. We affirm in part and reverse in part.

BACKGROUND

Augusta Video leases a building at 1367 Gordon Highway in Augusta, in which it seeks to open an adult bookstore where it will sell sexually explicit videos, magazines, and novelties. Augusta Video began the process of seeking the appropriate zoning and licensing for its business in April 2002. Under the regulatory scheme then in effect,[1] Augusta Video was required to do three things in

_____

[1]The City's regulatory scheme for adult businesses includes sections 6-1-1 through 6-1-27 of the Augusta-Richmond County Code ("Adult Entertainment Ordinance"), and sections 22

2

order to open an adult bookstore: (1) receive approval from the County Commission in the form of a "special exception" to the commercial zone in which it was located, the B-2 general business zone, Zoning Ordinance § 22-2(b); (2) obtain a Business Tax Certificate, Adult Entertainment Ordinance § 6-1-5(b); and (3) obtain an adult business licensing permit under Adult Entertainment Ordinance § 6-1-5(a), which also required proof that the business has obtained a special exception, § 6-1-14(k). The Zoning Ordinance also required that adult businesses be located a certain distance from residential areas, libraries, churches, schools, school bus stops, and other areas minors may frequent ("setback requirements"). Adult Entertainment Ordinance § 22-(b)(1). On April 11, 2002, Augusta Video applied for a Business Tax Certificate, and on April 19, 2002, it submitted an application requesting a special exception as required by the Zoning Ordinance. The Augusta Planning Commission approved Augusta Video's application for a special exception. The application then went before the County Commission for final approval. On June 18, 2002, the County Commission denied Augusta Video's application. This lawsuit was filed within the following week. Augusta Video did not seek to acquire a licensing permit under the Adult Entertainment

_____

through 24 of the Land Development Code ("Zoning Ordinance"). At the time the lawsuit was filed, the specific zoning criteria for adult businesses was located in § 22-2(b) of the Zoning Ordinance. Presently, the criteria is found in § 28-C.

Ordinance because its application for a special exception had been denied under the Zoning Ordinance, and because the Adult Entertainment Ordinance required proof that it had received the special exception.

The district court initially entered a preliminary injunction on July 26, 2002, enjoining the enforcement of the Adult Entertainment Ordinance and portions of the Zoning Ordinance, finding, *inter alia*, that the special exception requirement violated the First Amendment because it endowed the County Commission with too much discretion. However, on July 18, 2002, while this first request for a preliminary injunction was under consideration, the County Commission amended the Adult Entertainment Ordinance in its entirety and relevant provisions of the Zoning Ordinance. In particular, the County Commission eliminated the requirement of obtaining a special exception under the Zoning Ordinance. The County Commission further amended the Adult Entertainment Ordinance on August 6, and the zoning provisions of this amendment were incorporated into the Zoning Ordinance on September 17, 2002.[2] The new regulations do not permit adult entertainment establishments in the B-2 zone. Adult businesses are only permitted in the light industrial ("LI") and heavy industrial ("HI") zones. The Adult Entertainment Ordinance retained the requirement that applicants obtain

_____

[2]These amendments will be referred to as the "Summer 2002 Amendments."

4

both a Business Tax Certificate and a licensing permit to operate an adult business.

Based on the enactment of the Summer 2002 Amendments, Augusta Video filed a request for additional injunctive relief, which was granted on January 2, 2003, enjoining the enforcement of the amended Adult Entertainment Ordinance. The district court found that the County Commission had failed to follow the proper procedural requirements for the enactment of zoning laws. On the strength of this second preliminary injunction, Augusta Video opened for business in January 2003. Later that year, based upon intervening precedent clarifying the procedural requirements to amend a zoning ordinance, we reversed the district court's second preliminary injunction. *See Augusta Video, Inc. v. Augusta-Richmond County*, No. 03-10574 (11th Cir., Oct. 30, 2003) (citing *Artistic Entm't, Inc. v. City of Warner Robins*, 331 F.3d 1196 (11th Cir. 2003)).

On December 16, 2003, the same day our mandate of reversal was adopted as the judgment of the district court, the County Commission revoked Augusta Video's Business Tax Certificate based upon its failure to obtain a licensing permit as required by the Adult Entertainment Ordinance. The next day, the City ordered Augusta Video to cease operations. Augusta Video closed on December 17, 2003 and it remains closed at this time. Augusta Video then filed a third motion for preliminary injunction aimed at the Adult Entertainment Ordinance as amended by

5

the Summer 2002 Amendments. Upon learning that the Adult Entertainment Ordinance and Zoning Ordinance were amended once again in April 2003, Augusta Video filed an amended third motion for preliminary injunction challenging the current ordinance. The district court denied the amended third motion for preliminary injunction and granted summary judgment in favor of the City and the County Commission on a motion for declaratory judgment. The district court found that Augusta Video is not entitled to "grandfather" status and that the Adult Entertainment Ordinance, as amended, is constitutional. Augusta Video now appeals the final judgment of the district court.

## STANDARD OF REVIEW

This case comes to us following a grant of summary judgment. Accordingly, we review the district court's ruling *de novo*, applying the same standards as the district court. *Williams v. BellSouth Telecom., Inc.*, 373 F.3d 1132, 1134 (11th Cir. 2004).

## DISCUSSION

A. *Pre-existing, lawful, nonconforming use*

Augusta Video argues that its business is grandfathered as a pre-existing, lawful nonconforming use in the B-2 zone because it applied to do business at a time when the City's licensing and zoning ordinances were unconstitutional.

6

Whether a business has a right to maintain a nonconforming use is an issue of state law. *DeKalb Stone, Inc. v. County of DeKalb, Ga.*, 106 F.3d 956, 959 (11th Cir. 1997). Georgia law recognizes the concept of "grandfathering" nonconforming uses which predate new or amended zoning laws.[3] *Corey Outdoor Adver., Inc. v. Bd. of Zoning Adjustments*, 327 S.E.2d 178, 184 (Ga. 1985). Georgia law defines a protected nonconforming use "as a use which lawfully existed prior to the enactment of a zoning ordinance, *or of an amendment to a theretofore existing zoning ordinance*, and which therefore may be maintained after the effective date of the ordinance or amendment although it does not comply with the zoning restrictions applicable to the area." *Rockdale County v. Burdette* 604 S.E.2d 820, 822 (Ga. 2004) (quoting 4 Rathkopf's The Law of Zoning and Planning, § 72:1(4th ed.)) (internal quotation marks omitted); *see also Corey Outdoor Adver.*, 327 S.E.2d at 184; *Troutman v. Aiken*, 96 S.E.2d 585, 586 (Ga. 1957) (discussing the requirement that a nonconforming use must be lawful). The Augusta Zoning Ordinance contains a grandfather clause that defines a non-conforming use as "any

---

[3]Under Georgia law, a property owner may acquire a right to use property based on status as a pre-existing, lawful nonconforming use; or may acquire a vested right to use property in conformity with a prior zoning ordinance based on common law principles of equitable estoppel. *See Corey Outdoor Adver., Inc. v. Bd. of Zoning Adjustments* 327 S.E.2d 178, 183–84 (Ga. 1985); *Bickerstaff Clay Prods., Co. v. Harris County, Ga.*, 89 F.3d 1481, 1487–88 (11th Cir. 1996); *N. Ga. Mountain Crisis Network, Inc. v. City of Blue Ridge*, 546 S.E.2d 850, 852–53 (Ga. Ct. App. 2001). Because Augusta Video claims to be a nonconforming use under the Zoning Ordinance's grandfather clause, we need not examine common law vesting principles unless the nonconforming-use claim fails.

7

use of land, buildings, trees, or structures that did not conform to the regulations of the district in which it was situated . . . at such time as amendments to this Ordinance occur." Zoning Ordinance § 2.

Under the 2002 Amendments and under the current ordinance, Augusta Video's use as an adult business no longer conforms to the regulations of the B-2 zone, the district in which its building is situated. Accordingly, the question in this case is whether Augusta Video's use was (1) existing and (2) lawful at the time the Summer 2002 amendments occurred. However, in order to answer that question, we must first determine whether the Zoning Ordinance's special exception requirement was unconstitutional, and therefore invalid, at the time Augusta Video sought zoning approval. Because we find that the special exception requirement was unconstitutional, Augusta Video's use as an adult business was a lawful, pre-existing use at the time the ordinance was amended.

1. *Constitutionality of original ordinance*

Augusta Video's claim for nonconforming-use status turns on whether or not the original ordinance, under which it initially sought to open, is unconstitutional. In granting Augusta Video's first motion for preliminary injunction, the district court held that the special exception requirement ran afoul of the First Amendment because it granted the County Commission the discretion to deny a special

8

exception even though the applicant satisfied the objective criteria of the ordinance.[4] We agree that the special exception requirement was unconstitutional. "An ordinance that gives public officials the power to decide whether to permit expressive activity must contain precise and objective criteria on which they must make their decisions; an ordinance that gives too much discretion to public officials is invalid." *Lady J. Lingerie, Inc. v. City of Jacksonville*, 176 F.3d 1358, 1361 (11th Cir. 1999). Because the original ordinance in this case provided that officials "may" grant a special exception if certain requirements were met, the County Commission had too much discretion, rendering that portion of the ordinance invalid. *See id.*; *Redner v. Dean*, 29 F.3d 1495, 1500–01 (11th Cir. 1994) (holding that provision stating that applicant "may" open adult business after certain period if board had not reached decision violated First Amendment). We also agree with the district court that the section granting the Commission discretion to deny the special exception if minors frequent the area was too imprecise to pass constitutional muster, while the other setback requirements were constitutional. *See Lady J.*, 176 F.3d at 1362.[5]

---

[4]We recognize that a grant of a preliminary injunction is not the same as an adjudication on the merits. However, we do not rely on the fact that the district court granted a preliminary injunction. Rather, we simply agree with the district court's reasoning in concluding that the original zoning ordinance was unconstitutional.

[5]The district court also held that the ordinance's failure to require a deadline for a decision on the special exception rendered it unconstitutional. However, because we find that

Because the special exception requirement was invalid, and because Augusta Video met all of the other requirements of the B-2 zoning district, it was entitled to have its use as an adult business authorized by the County Commission. *See Inner Visions, Ltd.*, *v. City of Smyrna*, 400 S.E.2d 915, 916 (Ga. 1991) ("[W]hen land is zoned for a particular use, and an applicant properly applies for authorization to use the land for that particular use, he is entitled to have such authorization issued.").

### 2. *"Existing" use*

Next, we address whether Augusta Video had an "existing" use at the time that the Summer 2002 Amendments occurred. In Georgia, "mere preliminary work not of a substantial nature does not constitute a nonconforming use; neither does a use which is merely contemplated for the future but unrealized as of the effective date of the regulation." *Bickerstaff Clay Prods., Co. v. Harris County, Ga.*, 89 F.3d 1481, 1487 (11th Cir. 1996) (internal quotation marks omitted) (citing *Rainwater v. Coweta County Bd. of Zoning Appeals*, 181 S.E.2d 540, 541 (Ga. Ct. App. 1971)). In this case, although Augusta Video never actually opened for business under the original ordinance, its use was more than merely contemplated. Its owners took substantial steps in furtherance of opening for business. It obtained a

the special exception requirement itself was invalid, we need not consider the absence of time limits.

10

Business Tax Certificate and applied for a zoning exception as required by the Adult Entertainment Ordinance. Other than the failure to obtain a special exception, Augusta Video was located in a fully conforming site. The only thing preventing Augusta Video from actually opening was the County Commission's denial of its special exception. Because the special exception requirement was unconstitutional and therefore invalid, we cannot say that Augusta Video's use as an adult book store was non-existent under the original ordinance. The County Commission "cannot deny or postpone requested authorization to use land for a permitted use and then defeat the applicant's right by thereafter rezoning the land." *Inner Visions*, 400 S.E.2d at 916. The fact that the zoning ordinance was amended prior to Augusta Video actually opening does not render its use nonexistent.[6]

3. *"Lawful" use*

Furthermore, because Augusta Video's use conformed to the Zoning Ordinance in every way except for the special exception requirement, its use was lawful as required for grandfathering purposes.

---

[6]The district court held that Augusta Video's right to operate at its current location is not vested because it failed to apply for a business license. First, because Augusta Video's use is covered by the grandfather clause in the City's ordinance, we need not address the requirements of Georgia's common law vesting principle. Moreover, Augusta Video's status as an existing nonconforming use does not depend on whether or not it failed to apply for a business license. The denial of the special exception requirement rendered application for a business license utterly futile. "[T]he law does not require the performance of vain or useless things." *Alliance Metals, Inc. v. Hinely Indus., Inc.*, 222 F.3d 895, 905 (11th Cir. 2000) (internal quotation marks and citation omitted); *see also Tendler v. Thompson*, 352 S.E.2d 388 (Ga. 1987).

11

> A landowner's right to use his property in a particular manner is determined by the legal state of facts which exist at the time a use is commenced. If at that time, by reason of either the nonexistence of a restrictive ordinance *or the existence of an ordinance which if inquiry were made would be determined to be invalid*, it is found that the landowner had the right to operate the particular use and that the municipality would have no right to stop him from doing so, then, the landowner's rights to use his land in the particular manner so initiated are vested.

4 Rathkopf's The Law of Zoning and Planning § 72:18 (4th ed.) (emphasis added). Because we find that the portion of the ordinance requiring a special exception was invalid, Augusta Video's use as an adult business in the zone in which it was located is lawful. Accordingly, we find that Augusta Video's right to use the land in this particular manner is a lawful nonconforming use. That is, its use as an adult business is grandfathered into the B-2 zone.

However, this does not mean that Augusta Video may immediately open its doors; it means only that it is properly zoned to operate an adult business in the B-2 zone. Augusta Video must still comply with the remaining valid requirements of Augusta's original Zoning Ordinance, including the setback requirements. It must also obtain a Business Tax Certificate and an adult entertainment establishment permit under the current Adult Entertainment Ordinance. *See Inner Vision*, 400 S.E.2d at 916 ("[A]n applicant must thereafter comply with all reasonable conditions and requirements imposed upon the use of the land, and if he fails to do

12

so the governing authority can withold building permits and occupancy permits to enforce compliance with these regulations and conditions subsequent . . . ."); *see also Gold Rush II v. City of Marietta*, 482 S.E.2d 347 (Ga. 1997) (finding no vested right in issuance of annual adult entertainment license).

   B.  *Current Zoning and Adult Entertainment Ordinances*

  Augusta Video also challenges the constitutionality of the current Zoning and Adult Entertainment Ordinances. Because we find that Augusta Video's use is grandfathered into the B-2 zone, we need not consider its argument that the Zoning Ordinance fails to provide reasonable alternative avenues of communication by limiting the sites available for adult businesses to the LI and HI zones. That issue is moot. Augusta Video may rely on its grandfather status for the use of its land as an adult business at its building in the B-2 zone. Accordingly, Augusta Video is exempt from the requirement in the current Adult Entertainment Ordinance that requires applicants to prove that they are located in the LI or HI zones. However, the remaining requirements remain in full effect.

  We find no merit in Augusta Video's other grounds for challenging the Adult Entertainment Ordinance. Augusta Video argues that the current ordinance's requirement that applicants "advertise" in the legal gazette is a prior restraint on expression that does not comport with the First Amendment. The

13

ordinance requires "all new permit applications [to] advertise three times in the legal gazette before applications are heard by the Commission." Adult Entertainment Ordinance § 6-1-11. Augusta Video argues that this requirement is constitutionally flawed because it places discretion in the hands of a private newspaper to prevent an applicant from being approved for a licensing permit. It argues that this is a problem for two reasons. First, the ordinance places no time limits on when the newspaper must run the advertisement and no repercussions if the newspaper fails to run the advertisement in a timely manner. Second, Augusta Video argues that this requirement amounts to a "heckler's veto" in that it places in the hands of a private citizen—the newspaper—the discretion not to run the advertisement and thus to prevent the applicant from obtaining a business license.

Augusta Video's argument is founded on the concern that the newspaper will refuse to run the required advertisements—a concern that is misplaced. The legal organ of a county runs public notices, or advertisements, as a matter of course. Further, the legal organ of a county does not have unfettered power because its status as a legal organ may be changed upon a majority vote of the judge of probate court, the sheriff , and the clerk of superior court. *See* O.C.G.A § 9-13-142. Thus, there is a statuary check on the legal organ and it runs the risk of losing its status if it does not publish legal notices. Also, the ordinance itself

14

provides that the City will "place the appropriate advertisement on behalf of the applicant" if the applicant has any problems securing the required advertising. Adult Entertainment Ordinance § 6-1-11.

Further, the advertising requirement is a reasonable means of ensuring that the public and potential neighbors know about the impending arrival of an adult business. *See T.K.'s Video, Inc. v. Denton County, Tex.*, 24 F.3d 705, 710 (5th Cir. 1994). "Notice to others of pending zoning regulation is supported by a substantial state interest, serving the practical role of allowing effected persons an opportunity to examine the request and test its accuracy." *Id.*

## CONCLUSION

Because Augusta Video applied for zoning at a time when the City's Zoning Ordinance was unconstitutional, we find that its use as an adult business is protected as a prior nonconforming use. We reverse the district court's grant of summary judgment on that issue and remand for further proceedings consistent with this opinion. However, we affirm the district court's determination that the current Adult Entertainment Ordinance meets constitutional scrutiny.

**REVERSED AND REMANDED IN PART, AFFIRMED IN PART.**